FRANCIS R. STODDARD, JR., Superintendent of Insurance of the State of New York, as Liquidator of the CASUALTY COMPANY OF AMERICA, Appellant, *v.* THOMAS H. GUY, Respondent.

First Department, May 2, 1924.

Insurance — action by State Superintendent of Insurance as liquidator to recover on stock subscription in corporation organized to finance insurance corporation — subscriber is not entitled to offset claim against insurance corporation.

In an action by the State Superintendent of Insurance as liquidator of an insurance corporation to recover the balance due on a subscription for stock in a finance corporation organized for the special purpose of financing said insurance corporation, the subscriber is not entitled to offset against the balance due on the subscription the amount of a claim in his favor against the insurance

corporation, since the finance corporation was organized specifically and solely for the purpose of supplying money to the insurance corporation with power to assign the subscriptions or any notes of the finance corporation, and, therefore, the subscription in question was equivalent to a subscription to the stock of the insurance corporation itself.

MARTIN, J., dissents.

APPEAL by the plaintiff, Francis R. Stoddard, Jr., from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 11th day of July, 1923, denying his motion to strike out a certain defense and the defendant's counterclaim.

*Stetson, Jennings & Russell [William C. Cannon* of counsel; *Clarence C. Fowler* with him on the brief], for the appellant.

*Murphy, Aldrich & Guy [Henry D. Merchant* of counsel], for the respondent.

SMITH, J.:

The action is brought by the Superintendent of Insurance of the State of New York, liquidator of the Casualty Company of America, as the Casualty Company of America was upon the verge of bankruptcy. They needed more money and this was sought to be obtained from a corporation to be formed called the Reorganization Finance Corporation. The stock of this Reorganization Finance Corporation was to be subscribed for by those interested in reviving the Casualty Company of America. The defendant subscribed $2,500 and has paid $1,300, and this action is to recover the balance of $1,200 upon that original subscription to the Reorganization Finance Corporation. It was provided in the subscription agreement that the Finance Corporation might assign to any person or corporation any subscription of stock or any other paper which the subscribers might give, and that, in pursuance of the authority given, the subscribers should not question its assignment to the Casualty Company of any stock so subscribed, and that the amount realized by any such assignment should be applied *pro rata* on account of such subscriptions.

The defendant is a lawyer, and he now seeks to offset against his subscription a sum of money claimed to be due to him from the Casualty Company of America for services performed by him. If this subscription had been to the stock of the Casualty Company now in liquidation, there is no question but that this would not be a proper offset, because he must pay his stock subscription in full, and then take the percentage upon any debts owing. It is claimed, however, that this subscription is made to another corporation, the Reorganization Finance Corporation, and as it is not alleged

that the Reorganization Finance Corporation is insolvent, the subscription is in the form of an ordinary indebtedness to which an offset may be allowed. I do not think so. This Reorganization Finance Corporation was formed simply for the purpose of supplying money to save the Casualty Company, and the subscription to the stock of the Reorganization Finance Corporation with power to assign those subscriptions, or any notes of the Finance Corporation, under the circumstances of this case, was equivalent to a subscription to the stock of the Casualty Company itself. This is a fair interpretation, both from the standpoint of the creditors of the Casualty Company, as represented by the plaintiff, and also from the standpoint of other stockholders of the Casualty Company and of the Finance Corporation.

The defendant should pay his subscription to the liquidator, and take his share of his debt with other creditors.

The order should, therefore, be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

DOWLING, MERRELL and McAVOY, JJ., concur; MARTIN, J., dissents.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.