GEORGE S. VAN SCHAICK, Superintendent of Insurance of the State of New York, as Liquidator of the EQUITABLE CASUALTY AND SURETY COMPANY, Plaintiff, *v.* LINCOLN DYE WORKS, INC., Defendant.

Supreme Court, Albany County, January, 1933.

*Alfred C. Bennett,* for the plaintiff.

*Harry M. Cohen,* for the defendant.

SCHENCK, J. The action is brought by the Superintendent of Insurance, as liquidator of the Equitable Casualty and Surety Company. Pursuant to an order of this court, dated December 30, 1930, the Superintendent of Insurance became vested with title to all of the property and contracts of said Equitable Casualty and Surety Company and was empowered to liquidate the business and affairs of that company in accordance with the provisions of the Insurance Law of this State. As such liquidator, the Superintendent of Insurance commenced this action against the defendant to recover certain premiums, amounting to the sum of $441.22. The defendant in his answer alleges payment, and for a second defense and counterclaim alleges that prior to the commencement of the action herein and before the entry of the order of liquidation, claims and actions were commenced against the defendant, which it is defending at the present time, and that under the terms of the policy of insurance the Equitable Casualty and Surety Company was called upon to defend, satisfy and pay such claims, actions

and judgments. It is noted that prior to the commencement of this action the defendant filed with the Superintendent of Insurance, as liquidator, proofs of claims in various sums and that the counterclaim which defendant has interposed is for the same claims as filed by the defendant in the liquidation proceeding. The order of liquidation restrains and enjoins all persons from bringing any action at law, suit in equity or any other proceeding against the Equitable Casualty and Surety Company or against the Superintendent of Insurance as the liquidator thereof.

Clearly, the counterclaim of the defendant comes within the provisions of the restraining order. The defendant has already filed claims in the liquidation proceeding covering the same matter contained in its counterclaim. It would seem that the defendant is now attempting to do by way of a counterclaim that which it could not do if it attempted to institute an action against the Superintendent of Insurance as liquidator.

In *Matter of Second Russian Ins. Co.* (219 App. Div. 46) the Special Term modified the order of liquidation and authorized the institution of an action against the company in liquidation. The Appellate Division reversed the order of the Special Term and DOWLING, J., writing the opinion for the court, said: " I am of opinion that this order is erroneous in principle and was improperly granted. It constitutes an unjustifiable interference with the procedure laid down for the liquidation of a delinquent insurance company in section 63 (now sections 400–428) of the Insurance Law, which is exclusive in its operation and furnishes a complete procedure for the protection of the rights of all the parties in interest in the case of such an insurance company."

The Insurance Law provides for an orderly procedure in which all creditors are treated alike. The defendant has been given the right to file its claim as such creditor, which it has done. To permit it now to interpose this counterclaim would create a preference in its favor.

It may well be that under ordinary circumstances, where a creditor seeks payment of a debt, the debtor is entitled to assert a just claim as a setoff. However, it seems to be a well-established rule of law that in proceedings for the liquidation of insurance companies, the amounts due for premiums on policies are absolute debts and cannot be set off against any loss or individual claims due from the company in liquidation. (*Sawyer* v. *Hoag*, 84 U. S. 610; *Stoddard* v. *Guy*, 209 App. Div. 39.)

Order may be entered striking out the second affirmative defense and dismissing the counterclaim set forth in defendant's answer, with ten dollars costs.