In the Matter of the Application of THE PEOPLE OF THE STATE OF NEW YORK, by GEORGE S. VAN SCHAICK, as Superintendent of Insurance of the State of New York, for an Order to Take Possession of the Property and Liquidate the Business of the Consolidated Indemnity and Insurance Company.

LOUIS H. PINK, Superintendent of Insurance of the State of New York, as Liquidator of CONSOLIDATED INDEMNITY AND INSURANCE COMPANY, Appellant; HARTFORD ACCIDENT AND INDEMNITY COMPANY, Respondent.

Argued October 13, 1941; decided November 27, 1941.

*Alfred C. Bennett* and *Isaac Goldstein* for appellant. Salvage under the reinsurance contracts is a trust fund and general claims of the trustee against the *cestui que trust* may not be offset irrespective of whether or not such general claims arose out of the same reinsurance contract. (*Pink* v. *American Surety Co.*, 283 N. Y. 290; *New York Title & Mortgage Co.* v. *Irving Trust Co.*, 241 App. Div. 246; 268 N. Y. 547; *Matter of People* [*New York Title & Mortgage Co.*], 260 App. Div. 729; *Morris* v. *Windsor Trust Co.*, 213 N. Y. 27; *Beecher* v. *Vogt Mfg. Co.*, 227 N. Y. 468; *Libby* v. *Hopkins*, 104 U. S. 303; *McDaniel Nat. Bank* v. *Bridwell*, 74 Fed. Rep. [2d] 331; *Storing* v. *Manden Special School District*, 53 N. D. 24; *Ellis* v. *Baker-Matthews Lumber Co.*, 157 Ark. 139; *Hostetter* v. *Giffen*, 268 Penn. St. 530; *Alvord* v. *Ryan*, 212 Fed. Rep. 83; *International Bank* v. *Jones*, 119 Ill. 407; *Cook County Nat. Bank* v. *United States*, 107 U. S. 445.)

*Stewart Maurice* for respondent. The general reinsurance agreement created a fiduciary relationship akin to that of partners or joint adventurers, and respondent is entitled to retain all funds in its hands until its lien for fiduciary claims has been satisfied. (*Matter of People [General Indemnity Corp.]*, 274 N. Y. 510; *Ætna Casualty & Surety Co.* v. *International Reinsurance Corp.*, 117 N. J. Eq. 190; *Cunningham* v. *Republic Ins. Co.*, 94 S. W. Rep. [2d] 140; *Meinhard* v. *Salmon*, 249 N. Y. 458; *Standish* v. *Babcock*, 52 N. J. 628; *Sturm* v. *Ulrich*, 10 Fed. Rep. [2d] 9.) The liquidator cannot claim the benefits of the reinsurance agreement without performing its obligations. (*Matter of Weston*, Law Rep. [1900] 2 Ch. Div. 164; *Brown* v. *Knapp*, 79 N. Y. 136; *Oliver* v. *Wells*, 254 N. Y. 451; *Matter of Grifenhagen*, 174 Misc. Rep. 559.)

LEWIS, J.   As an incident in the above-captioned liquidation proceeding a controversy has arisen which involves the right of offset under section 538 of the Insurance Law (Cons. Laws, ch. 28).

The Superintendent of Insurance, as liquidator of Consolidated Indemnity and Insurance Company, was denied, at Special Term, an order directing Hartford Accident and Indemnity Company to turn over to him from a salvage fund a sum concededly due the company now in liquidation. The Appellate Division unanimously affirmed the order of Special Term but granted the liquidator permission to appeal to this court.

As reference will repeatedly be made to the two indemnity companies mentioned above, it will be convenient to refer to them, respectively, as " Consolidated " and " Hartford."

The controversy involves salvage collected and held by Hartford after the payment of losses on risks reinsured by Consolidated. Although it admits there is owing to Consolidated its proportionate share of the salvage fund, Hartford has thus far successfully resisted the liquidator's demand for payment thereof upon the ground that Hartford is entitled to offset against the amount due the liquidator an amount which concededly is due to Hartford from Consolidated.

Prior to the entry of the order of liquidation, Consolidated had arranged to reinsure various risks which Hartford had assumed. It also appears that, prior to the liquidation, Hartford had paid losses on risks thus reinsured and that Consolidated had paid its proportionate share of those losses. Under the arrangement for reinsurance Consolidated became entitled to share in any salvage recovered by Hartford in proportion to the amount of reinsurance. In carrying out this arrangement there came a time when a certain salvage fund was collected and held by Hartford of which Hartford concedes the liquidator is entitled to the sum of $2,291.73. Meantime, however, while the claim on behalf of Consolidated to a portion of the salvage fund was concededly due, Hartford filed with the liquidator a general claim, which was allowed, for the sum of $2,549.32, the amount thereof being the proportionate share of other losses theretofore paid by Hartford on three bonds, the risks of which were reinsured by Consolidated and as to which Consolidated had not paid its share of loss prior to liquidation. The salvage held by Hartford and involved in the present proceeding was not collected in connection with such losses. By his application now before us, the liquidator demands payment of only the admitted share of Consolidated in the salvage collected by Hartford in cases where, prior to liquidation, Consolidated had actually paid its share of loss to Hartford.

We are to determine the legality of the order here for review which in effect is a ruling that Hartford — the collector and holder of the salvage fund in which Consolidated, as reinsurer, is entitled to share to the extent of $2,291.73 — may set off against that amount the greater sum of $2,549.32 due from Consolidated as its share of losses paid by Hartford.

We think the offset may be allowed only in the event the general claim by Hartford, allowed by the liquidator, and the claim by the liquidator on behalf of Consolidated against the salvage fund held by Hartford, are " mutual debts or mutual credits " within the provisions of section 538 of the Insurance Law. That statute provides in part:

" § 538. Offsets. 1. In all cases of mutual debts or mutual credits between the insurer and another person in connection with any action or proceeding under this article, such credits and debts shall be set off and the balance only shall be allowed or paid * * *."

The phrase " mutual debts " is not new. It has been said: " Debts, to be applied against each other, must be mutual * * *. To be mutual, they must be due to and from the same persons in the same capacity." (*Beecher* v. *Vogt Mfg. Co.*, 227 N. Y. 468, 473; *Morris* v. *Windsor Trust Co.*, 213 N. Y. 27, 31, 33; *Pink* v. *Title Guarantee & Trust Co.*, 274 N. Y. 167, 175, 176.)

In the case at bar the fact that Hartford held a salvage fund which it had collected from losses on risks assumed by Hartford and reinsured by Consolidated, did not create between those companies the relationship of debtor and creditor. Rather was it the relationship of trustee and *cestui que* trust. What was said in that regard in *Pink* v. *American Surety Co.* (283 N. Y. 290, RIPPEY, J.) applies here with equal force (p. 296): " The salvage was received for a specific purpose, by the terms of the contracts, to reimburse both the reinsured and reinsurer proportionately for their losses. *Out of its receipt, no relation of debtor and creditor was created.* In relation to any salvage collected to recoup losses on specific risks *under the reinsurance contracts the reinsured was a trustee for the reinsurer as to moneys in its hands belonging to the latter* or to be applied to a specific purpose." (Emphasis supplied.)

However, the obligation of Consolidated to Hartford, which Hartford would now offset against the salvage trust fund, is a debt created by a conceded contractual obligation of Consolidated to pay to Hartford its proportionate share of losses upon three bonds the risks of which were reinsured by Consolidated — which losses did not produce the salvage involved in the present proceeding.

Thus do the two claims in question lack the quality of mutuality. One asserts the right of a *cestui que* trust against a trustee; the other asserts a contractual obligation of a

debtor to his creditor. The claims are not " due to and from the same persons in the same capacity " (*Beecher* v. *Vogt Mfg. Co.*, *supra*, p. 473), nor are they " held in the same right " (*Pink* v. *American Surety Co.*, *supra*, p. 298). They are not " mutual debts " as that phrase is employed in section 538 of the Insurance Law.

In this view of our problem it is not necessary to determine whether the arrangement between Hartford and Consolidated grew out of a single reinsurance contract, as claimed by the respondent, or that each acceptance of an offer of reinsurance was a separate reinsurance agreement, as claimed by the appellant. In either case, upon the record before us the resulting claims were not mutual debts, and no offset may be allowed.

The orders should be reversed, with costs in all courts to the appellant, and the matter remitted to the Special Term for further proceedings in accord with this opinion.

LEHMAN, Ch. J., LOUGHRAN, FINCH, RIPPEY, CONWAY and DESMOND, JJ., concur.

Orders reversed, etc.