BENJAMIN R. SCHENCK, as Superintendent of Insurance of the State of New York, as Liquidator of Citizens Casualty Company of New York, Appellant, v COORDINATED COVERAGE CORPORATION, Respondent, et al., Defendants.

First Department, December 4, 1975

*Lewis Bart Stone* of counsel *(Marvin J. Fortgang* with him on the brief; *Carb, Luria, Glassner, Cook & Kufeld,* attorneys), for appellant.

*John B. Koegel* of counsel *(James J. Maloney* with him on the brief; *Rogers & Wells,* attorneys), for respondent.

TILZER, J. Plaintiff, as liquidator of Citizens Casualty Company of New York, brings this action to recover $1,400,000 which was paid to defendant Coordinated Coverage Corp. during the period between January, 1967 through January, 1969, when Coordinated acted as agent for Citizens Casualty. It is plaintiff's contention that pursuant to the agreement between the parties Coordinated was entitled to a contingent commission equal to the profit upon premiums derived from the policies after deducting 12½% therefrom, plus all actual losses and adjustment expenses and reserves for the payment of anticipated losses and adjustment expenses. And, it is claimed that the combined amount of actual losses and expenses and reserves for anticipated losses and expenses in fact, exceeded the total premiums derived from the policies

and accordingly, defendant Coordinated was not entitled to receive any commissions. Coordinated denies that moneys were improperly paid to it and argues that the payments did not represent commissions but were, rather, expenses to which it was entitled under the parties' agreement. In addition to asserting its right to retain the $1,400,000, defendant, in its answer, asserts that in fact, its total expenses and fees amounted to $1,654,274 and accordingly, Coordinated has asserted a counterclaim for $254,274—such representing the amount over and above those sums already received from Citizens Casualty.

Plaintiff moved to dismiss the above-described counterclaim pursuant to CPLR 3211 (subd [a], par 1) on the ground that a defense founded upon documentary evidence existed. Specifically, it was urged that a stay contained in the order of liquidation of Citizens Casualty barred Coordinated from interposing the counterclaim. The stay which was issued pursuant to section 528 of the Insurance Law provides that: "the officers, directors, trustees, policyholders, agents and employees of said Citizens Casualty Company of New York, and all other persons, be and they hereby are enjoined and restrained from bringing or further prosecuting any action at law, suit in equity, special or other proceeding against the said corporation or its estate, or the Superintendent of Insurance of the State of New York and his successors in office, as Liquidators thereof". Special Term, however, despite that injunction, concluded that the type of counterclaim here interposed was not barred and accordingly, denied the motion to dismiss.

We disagree and find that the counterclaim was barred by virtue of the stay contained in the order of liquidation. As recognized by Special Term, the injunction contained in the order of liquidation must be interpreted as a matter of law to include counterclaims, despite the fact that the order does not specifically refer to counterclaims (*Pink v Title Guar. & Trust Co.,* 274 NY 167; *Van Schaick v Lincoln Dye Works,* 146 Misc 342). As stated in the *Pink* case (*supra,* p 172), "obviously, defendant could not proceed to collect its claims by a direct action against or by way of counterclaim in any action brought by the Superintendent".

Although Special Term recognized that the stay herein has been interpreted by the courts to bar the assertion of counterclaims against a liquidation proceeding pursuant to the Insur-

ance Law, it concluded that the cases which have so held "rest[ed] on and refer[red] to special facts not applicable to the present situation." Moreover, it was also concluded that the counterclaim herein interposed comes within the scope of section 538 of the Insurance Law which permits "offsets" against a liquidator. However, both the statute and the cases indicate that where affirmative relief is sought—beyond a mere setoff up to the amount claimed by the liquidator—such relief is barred by the injunctive provision in a liquidation order and the action or counterclaim seeking the affirmative relief must be dismissed, the claimant being relegated to filing a claim in the liquidation proceeding (as was done in the case *sub judice).* Accordingly, in *Van Schaick v Lincoln Dye Works, (supra,* p 343), the counterclaim of the defendant was dismissed as coming within the bar of the restraining order, the court stating as follows: "The defendant has already filed claims in the liquidation proceeding covering the same matter contained in its counterclaim. It would seem that the defendant is now attempting to do by way of a counterclaim that which it could not do if it attempted to institute an action against the Superintendent of Insurance as liquidator. * * * The Insurance Law provides for an orderly procedure in which all creditors are treated alike. The defendant has been given the right to file its claim as such creditor, which it has done. To permit it now to interpose this counterclaim would create a preference in its favor."

Here, although Special Term qualified its holding by not permitting defendant to enforce any judgment it might recover by way of execution, nevertheless, to allow defendant to maintain a cause of action to recover amounts which it claims should have been paid to it pursuant to the parties' contract, would also serve to violate the orderly procedure provided for in the Insurance Law. While defendant, of course, may assert its right to retain moneys previously paid to it, the right to affirmative relief for moneys over and above the amount sought by the liquidator should properly be disposed of in the liquidation proceeding.

Nor does the case of *New York Tit. & Mtge Co. v Irving Trust Co.* (268 NY 547, affg 241 App Div 246) relied upon by Special Term, permit the interposition of a counterclaim such as here involved. While in that case the court permitted defendant to interpose a counterclaim as against the rehabilitator, which exceeded the amount sued for, a review of the

record on appeal therein indicates that defendant did not seek any affirmative relief and merely demanded that "the complaint be dismissed". Indeed, the defendant's brief on appeal in that case acknowledged in effect that its claim was in the nature of an offset "to reduce or extinguish the recovery of plaintiff." Accordingly, the *New York Tit. & Mtge Co.* case is consistent with *Pink v Title Guar. (supra),* and cannot be construed to permit a counterclaim in light of the injunction such as here present.

Moreover, as already indicated, it was error to conclude that the counterclaim comes within the scope of section 538 of the Insurance Law which governs liquidations. That section provides insofar as here relevant: "1. In all cases of mutual debts or mutual credits between the insurer and another person in connection with any action or proceeding under this article, such credits and debts shall be set off and the balance only shall be allowed or paid, except as provided in subsection two." That section, however, permits only the assertion of a setoff and not a counterclaim. As already stated, defendant seeks to obtain affirmative relief—by way of a money judgment—beyond that which can be obtained through the assertion of a setoff. A counterclaim "is broader and more comprehensive than recoupment and setoff." *(Seibert v Dunn,* 216 NY 237, 241; *Otto v Lincoln Sav. Bank of Brooklyn,* 268 App Div 400, affd 294 NY 798.) While a defendant who has asserted a counterclaim is entitled to an affirmative judgment, in the absence of statute so providing "a defendant who has pleaded set-off is not entitled to recover the excess of his claim over the plaintiff's demand" (80 CJS Set-off and Counterclaim, § 61, subd b, p 119). The relief sought herein is clearly in the nature of a counterclaim and may not be asserted pursuant to section 538 of the Insurance Law but is rather, barred by the afore-mentioned injunction.

In passing, we should note, that on an appeal to this court in *Schenck v Biaggi* (41 AD2d 823) this court affirmed an order of Special Term (see NYLJ, Dec. 6, 1972, p 18, col 4) which held that the same order of liquidation barred the assertion of a counterclaim by one of the defendants.

One final point should be mentioned. Special Term, in denying the motion to dismiss the counterclaim, found that the interest of judicial economy justified the conclusion that the counterclaim should be permitted to stand and be adjudicated in the action at bar. First, since the Legislature has

specifically provided that only a setoff may be asserted as against a liquidator of an insolvent insurance company, such mandate may not be ignored even in the interest of judicial economy. In any event, it does not appear that under the facts of this case dismissal of the counterclaim would result in protracting the litigation. As noted earlier, Coordinated has filed an identical claim in the liquidation proceeding as asserted in the counterclaim herein. If the liquidator's construction of the contract is upheld, then the defendant-respondent's claim in the liquidation proceeding will be disallowed. However, if defendant Coordinated's construction of the contract is upheld, the liquidator's action will be dismissed and that determination will be binding upon the parties and defendant can thereupon proceed to present its evidence in support of the amount due to it in the claim allowance proceeding.

Accordingly, the order entered July 12, 1974 denying the motion to dismiss the counterclaim should be reversed on the law, the motion granted and the counterclaim dismissed with costs and disbursements.

MARKEWICH, J. P., MURPHY, LUPIANO and LANE, JJ., concur.

Order, Supreme Court, New York County, entered on July 12, 1974, unanimously reversed, on the law, the motion granted and the counterclaim dismissed. Appellant shall recover of respondent $60 costs and disbursements of this appeal.