■ THOMAS A. HARNETT, Appellant, v NATIONAL MOTORCYCLE PLAN, INC., et al., Respondents.—Order, Supreme Court, New York County, entered June 3, 1977, denying plaintiff's motion pursuant to CPLR 3211 (subds [b], [a], pars 1, 6, 7) to dismiss the affirmative defenses, counterclaims and setoffs contained in the answer of defendants, is unanimously reversed, on the law, without costs and without disbursements, and the motion is granted. The Superintendent of Insurance of the State of New York, as liquidator of Summit Insurance Company, brings this action for damages for breach of contract and for fraud. Defendant National Motorcycle Plan, Inc., asserts five affirmative defenses. A sixth defense, on behalf of the individual defendants, principals of National and alleged guarantors of its obligations to Summit, repeats for their benefit National's first five defenses. All defendants assert three separate counterclaims and setoffs that likewise depend on those affirmative defenses but additionally seek damages for Summit's breach of its agreements with National. The agreements between Summit and National appointed National an agent to sell insurance and collect premiums on behalf of Summit. The complaint seeks recovery of retrospective commissions as well as premium payments collected by the agent as a trustee for Summit. The so-called counterclaims and setoffs allege that Summit breached its contractual undertakings with National, causing cancellations and nonrenewals that resulted in diminished commissions for National, and interfering with National's ability to transact business in "the particular insurance lines" that were the subject of the contracts. After the contracts were made Summit became insolvent. Plaintiff became liquidator pursuant to an order that enjoined all persons from bringing any action against Summit or its liquidator. That injunction against commencement of any action has been held to include the interposition of any counterclaim. (*Schenck v Coordinated Coverage Corp.,* 50 AD2d 50, 51; *Schenck v Biaggi,* 41 AD2d 823, affg NYLJ, Dec. 6, 1972, p 18, col 4.) Moreover, the same allegations do not qualify as setoffs within the scope of section 538 of the Insurance Law. Although that section authorizes offsets for mutual debts, mutuality requires that the debts be due to and from the same persons in the same capacity. (*Matter of People [Consolidated Ind. & Ins. Co.],* 287 NY 34, 38.) Here National seeks to set-off its general damages for alleged breaches of contract by Summit, which had not matured at the time of

insolvency, against its obligations as a trustee. The first affirmative defense, alleging a breach of contract by virtue of the liquidation, cannot withstand dismissal, since the liquidation does not constitute a breach of contract. *(People v Globe Mut. Life Ins. Co.,* 91 NY 174, 178-179.) The second defense alleging fraud as to Summit's solvency when the contracts were made is insufficiently pleaded (CPLR 3016, subd [b]) and factually unsupported. The third defense improperly adds nothing to the general denials in the answer of the allegations of the complaint that moneys are owing. The fourth impermissibly pleads a legal conclusion that National would become an insurer if plaintiff recovers the retrospective commissions. The attack on the prematurity and accuracy of plaintiff's damages, advanced by the fifth defense, is also legally insufficient. (See *Randall-Smith, Inc. v 43rd St. Estate Corp.,* 17 NY2d 99, 106.) Finally, the sixth defense, repeating the allegations of all its predecessors, must likewise fall with them. Concur—Lupiano, J. P., Birns, Evans and Capozzoli, JJ.