SUPERINTENDENT OF INSURANCE OF the STATE OF NEW YORK as Liquidator of Union Indemnity Insurance Company of New York, Plaintiff,

v.

BAKER & HOSTETLER, Defendant.

Civ. A. No. C86–1211.

United States District Court, N.D. Ohio, E.D.

Aug. 13, 1986.

Anthony J. Hartman, Bradford R. Carver, Hermann, Cahn & Schneider, Cleveland, Ohio, for plaintiff.

Albert J. Knopp, Thomas H. Shunk, Baker & Hostetler, Cleveland, Ohio, for Baker & Hostetler.

Gary H. Kaup, Rathman, Combs, Schaefer, Valen & Kaup, Middletown, Ohio, for John H. Spencer, Inc.

ANN ALDRICH, District Judge.

Plaintiff Superintendent of Insurance of the State of New York brought this action against the law firm of Baker & Hostetler ("Baker") seeking to recover certain documents and monies belonging to Union Indemnity Insurance Company of New York ("Union Indemnity"), pursuant to an Order of Liquidation entered by the Supreme Court of New York on July 16, 1985 ("the Liquidation Order"). Baker has filed a counterclaim in the nature of an interpleader and moved to join new counterclaim defendants Union Indemnity and John H. Spencer, Inc. ("Spencer"). Spencer in turn has moved to transfer venue to the United States District Court for the Southern District of Ohio. Also pending before the Court is the Superintendent's motion to dismiss Baker's counterclaim. For the reasons set forth below, the Superintendent's motion to dismiss is granted and Baker's motion to join new counterclaim defendants and Spencer's motion to transfer venue are denied.

Jurisdiction rests on 28 U.S.C. § 1332, diversity of citizenship.

## I.

The allegations of the counterclaim must be taken as true. *Walker Process Equipment, Inc. v. Food Machinery and Chem. Corp.*, 382 U.S. 172, 86 S.Ct. 347, 15 L.Ed.2d 247 (1965). The rules pertaining to motions to dismiss are equally applicable to counterclaims. Thus, the counterclaim is only to be dismissed if the defendant could prove no set of facts in support of its claim which would entitle it to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). The following factual summary is based on the allegations in Baker's counterclaim and the allegations in the Superintendent's complaint admitted to by Baker.

Union Indemnity is a New York insurance company in the possession and control of the Superintendent pursuant to the Liquidation Order, which provides in relevant part:

[It is] ORDERED AND ADJUDGED, that JAMES P. CORCORAN, the Superintendent, or any successor in office as Superintendent, is hereby appointed Liquidator of UNION INDEMNITY, and is hereby authorized and directed forthwith to take possession of the property and liquidate the business and affairs of UNION INDEMNITY pursuant to Article 74 of the Insurance Law and to deal with the property and business of UNION INDEMNITY in his name as Superintendent, and is vested with title to all of the property, licenses, corporate charter, contracts and rights of action of UNION INDEMNITY pursuant to Section 7405 of the Insurance Law; and it is further

\*    \*    \*    \*    \*    \*

ORDERED AND ADJUDGED, that the officers, directors, trustees, policyholders, agents and employees of UNION INDEMNITY, and all other persons, including but not limited to claimants, plaintiffs and petitioners who have claims against UNION INDEMNITY, are permanently enjoined and restrained from bringing or further prosecuting any action at law, suit in equity, special or other proceeding against the said corporation or its estate, or the Superintendent and his successors in office, as Liquidator thereof, or from making or executing any levy upon the property or estate of said corporation, or from in any way interfering with the Superintendent, or any successor in office, in his possession, or in the discharge of his duties as Liquidator thereof, or in the liquidation of the business of said corporation; and it is further

ORDERED AND ADJUDGED, that all parties to law suits in this State and all other states and territories of the United States, are hereby enjoined and restrained from proceeding with any pretrial conference, trial, application for judgment, or suits in equity, special or other proceedings in which UNION INDEMNITY is obligated to defend a party insured or any other person it is legally

obligated to defend by virtue of its insurance contract for a period of 180 days from the date hereof;

Liquidation Order at 3, 8–9.

Pursuant to the Liquidation Order, the Superintendent brought this action to recover from Baker any and all property belonging to Union Indemnity, including but not limited to books, papers or records relating to Union Indemnity's business that admittedly remain in Baker's possession.

Prior to the Liquidation Order, Baker rendered legal services to Union Indemnity for which it has not been paid. Union Indemnity currently owes Baker $236,250.34 for those services. However, Baker was holding in its client trust account the sum of $371,144.96 on behalf of Union Indemnity.[1] Baker therefore wishes to set-off its claims for legal fees against the Superintendent's claim for Union Indemnity's funds held by Baker in its client trust account. Baker demands judgment against Union Indemnity for its legal fees, a declaration that Baker has a valid attorneys' lien upon Union Indemnity's monies and records, and a declaration of the rights of all parties interested in Union Indemnity's property.[2]

## II.

The Superintendent argues that the Liquidation Order enjoins all persons having claims against Union Indemnity from "bringing or further prosecuting any action at law, suit in equity, special or other proceeding against [Union Indemnity] or its estate, or the Superintendent and his successors in office, as Liquidator thereof...." Liquidation Order at 8. He contends that since Baker's counterclaim falls within the scope of the injunction, this Court must dismiss the counterclaim pursuant to the Full Faith and Credit Clause of the United States Constitution, Art. IV, § 1.[3]

As recognized by the Supreme Court:

The concept of full faith and credit is central to our system of jurisprudence. Ours is a union of States, each having its own judicial system capable of adjudicating the rights and responsibilities of the parties brought before it. Given this structure, there is always a risk that two or more States will exercise their power over the same case or controversy, with the uncertainty, confusion, and delay that necessarily accompany relitigation of the same issue. Recognizing that this risk of relitigation inheres in our federal system, the Framers provided that "Full Faith and Credit shall be given in each State to the Public Acts, Records, and judicial Proceedings of every other State." U.S. Const., Art IV, § 1. This Court has consistently recognized that, in order to fulfill this constitutional mandate, "the judgment of a state court should have the same credit, validity, and effect, in every other court of the United

---

1. Prior to filing its answer and counterclaim, Baker, as a party defendant in a pending state action involving Union Indemnity and the interpleaded res, was ordered to deliver into escrow $300,000 from its client trust fund. *John H. Spencer, Inc. v. Cincinnati Metro. Hous. Auth.*, No. A8504887 (C.P. Hamilton County Apr. 18, 1986) [Available on WESTLAW, OH–CS database].

2. Additionally, Baker demands an order staying the Hamilton County proceeding and ordering the return of the $300,000. *See supra* note 1. The Anti-Injunction statute, 28 U.S.C. § 2283, however, bars this Court from interfering with the state court action.

3. The United States Constitution, Art. IV, § 1 provides:

Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State. And the Congress may by general Laws prescribe the Manner in which such Acts, Records and Proceedings shall be proved, and the Effect thereof.

Additionally, Title 28 U.S.C. § 1738 provides in part:

The Acts of the legislature of any State, Territory, or Possession of the United States, or copies thereof, shall be authenticated by affixing the seal of such State, Territory or Possession thereto.

\* \* \* \* \* \*

Such Acts, records and judicial proceedings or copies thereof, so authenticated, shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken.

States, which it had in the state where it was pronounced."

To be sure, the structure of our Nation as a union of States, each possessing equal sovereign powers, dictates some basic limitations on the full-faith-and-credit principles enumerated above. Chief among these limitations is the caveat, consistently recognized by this Court, that "a judgment of a court in one State is conclusive upon the merits in a court in another State only if the court in the first State had power to pass on the merits—had jurisdiction, that is, to render the judgment." Consequently, before a court is bound by the judgment rendered in another State, it may inquire into the jurisdictional basis of the foreign court's decree. If that court did not have jurisdiction over the subject matter or the relevant parties, full faith and credit need not be given.

*Underwriters Nat. Assur. v. North Carolina Life & Acc.*, 455 U.S. 691, 703–05, 102 S.Ct. 1357, 1365, 71 L.Ed.2d 558 (1982) (citations and footnotes omitted).

Baker argues that N.Y.Ins.Law § 7427(a) (Consol.1984) ("§ 7427(a)") expressly permits the assertion of set-offs in proceedings of the present type, as long as the set-off does not exceed the Superintendent's claim. Section 7427(a) provides:

> In all cases of mutual debts or mutual credits between the insurer and another person in connection with any action or proceeding under this article, such credits and debts shall be set off and the balance only shall be allowed or paid....

Baker insists that § 7427(a) puts its counterclaim in the nature of set-off outside the scope of the New York court's injunction and that therefore the Full Faith and Credit Clause is irrelevant.

There being no dispute that the New York court had jurisdiction to issue the Liquidation Order, the Court turns to consideration of whether Baker's counterclaim is precluded by the terms of the Liquidation Order.

## III.

Baker correctly asserts that New York courts have interpreted similar liquidation orders to permit set-offs. *See, e.g., Schenck v. Coordinated Coverage Corp.*, 50 A.D.2d 50, 376 N.Y.S.2d 131 (1975) (dictum). However, as recognized by New York's highest court, " 'Debts, to be applied against each other, must be mutual * * *. To be mutual, they must be due to and from the same persons in the same capacity.' " *In re Consolidated Indemnity & Insurance Co.*, 287 N.Y. 34, 38, 38 N.E.2d 119, 120 (1941) (citations omitted) (interpreting the identical former § 538 of the Insurance Law).[4] In *Consolidated* the insurance company being liquidated, Consolidated, had reinsured risks which another insurance company, Hartford, had taken. Under the reinsurance contract, Consolidated was entitled to share proportionately in any salvage recovered by Hartford. Hartford concededly held monies in its salvage fund on Consolidated's behalf. Hartford claimed, however, that Consolidated had not paid its share of certain reinsured losses incurred prior to liquidation. The lower courts denied the Superintendent's motion for an order directing Hartford to turn over the amount due Consolidated from the salvage fund, on the ground that Hartford could offset the greater amount owed by Consolidated.

The Court of Appeals of New York unanimously reversed because the debts were not "mutual" within the meaning of what is now § 7427(a). The Court held:

> In the case at bar the fact that Hartford held a salvage fund which it had collected from losses on risks assumed by Hartford and reinsured by Consolidated did not create between those companies the relationship of debtor and creditor. Rather was it the relationship of trustee and cestui que trust. What was said in that regard in *Pink v. American Surety Co. of New York*, 283 N.Y. 290,

---

4. The rule in Ohio is identical. *Nichols v. Metropolitan Life Ins. Co.*, 137 Ohio St. 542, 545, 31 N.E.2d 224, 225 (1941). *Accord United States v.*

*Greenwich Mill & Elevator Co.*, 291 F.Supp. 609, 614 (N.D.Ohio 1968).

at page 296, 28 N.E.2d 842, at page 844, Rippey, J., applies here with equal force: "The salvage was received for a specific purpose, by the terms of the contracts, to reimburse both the reinsured and reinsurer proportionately for their losses. *Out of its receipt, no relation of debtor and creditor was created.* In relation to any salvage collected to recoup losses on specific risks *under the reinsurance contracts the reinsured was a trustee for the reinsurer as to moneys in its hands belonging to the latter* or to be applied to a specific purpose." (Emphasis supplied.)

However, the obligation of Consolidated to Hartford, which Hartford would now offset against the salvage trust fund, is a debt created by a conceded contractual obligation of Consolidated to pay to Hartford its proportionate share of losses upon three bonds the risks of which were reinsured by Consolidated—which losses did not produce the salvage involved in the present proceeding.

Thus do the two claims in question lack the quality of mutuality. One asserts the right of a cestui que trust against a trustee; the other asserts a contractual obligation of a debtor to his creditor. The claims are not "due to and from the same persons in the same capacity", nor are they "held in the same right." They are not "mutual debts" as that phrase is employed in section 538 of the Insurance Law.

\* \* \* \* \* \*

[U]pon the record before us the resulting claims were not mutual debts, and no offset may be allowed.

*Consolidated,* 287 N.Y. at 38–39, 38 N.E.2d at 120–21 (citations omitted).

Applying the rule established in *Consolidated,* it is clear that the two claims in question here lack the requisite quality of mutuality. Baker held Union Indemnity's funds in its client trust account. Thus the Superintendent, in whom are vested Union Indemnity's rights by virtue of the Liquidation Order, asserts the rights of a cestui que trust against a trustee. Baker, however, asserts the rights of a creditor against his debtor. The claims are therefore not "due to and from the same persons in the same capacity nor are they held in the same right," and no offset may be allowed.

Baker's reliance on *Schenck v. Coordinated Coverage Corp.,* 50 A.D.2d 50, 376 N.Y.S.2d 131, is misplaced. In addition to not having been decided by New York's highest court, *Schenck* did not deal with the issue of mutuality but rather with the issue of whether the defendant could maintain an action to retain monies over and above the amount sought by the Superintendent.

In conclusion, Baker's counterclaim is not a set-off within the meaning of § 7427(a) and therefore falls within the scope of the Liquidation Order. According full faith and credit to the Liquidation Order mandates the dismissal of Baker's counterclaim.

## IV.

Given the dismissal of Baker's counterclaim, Baker's motion for an order joining new counterclaim defendants and Spencer's motion to transfer venue are denied for mootness.

## V.

For the reasons set forth above, the Superintendent's motion to dismiss is granted and the counterclaim is dismissed. Baker's motion for an order joining new counterclaim defendants and Spencer's motion to transfer venue are denied.

IT IS SO ORDERED.