*255 OPINION OF THE COURT
Ira Gammerman, J.
In this turnover proceeding plaintiff, the Superintendent of Insurance of the State of New York, as Liquidator of Union Indemnity Insurance Company of New York (the Liquidator) moves for summary judgment against both defendants on his first cause of action to recover $242,746.50 in premiums withheld in contravention of the liquidation order. Defendant British and American Casualty Company, Inc. (BAG) cross-moves for summary judgment dismissing the complaint on the grounds that it never received the funds and has no record of the placement of the reinsurance for which the disputed moneys were payment or in the alternative BAG seeks leave to amend its answer to assert a cross claim for indemnification against Weicholz Management Corp. (WMC). Defendant WMC cross-moves for summary judgment dismissing the third cause of action on the ground that the transfer to BAG occurred after the liquidation and cannot, therefore, be a voidable transfer under Insurance Law § 7425 which only applies to transfers in the four months preceding the order of liquidation.
The Liquidator has demonstrated the existence of the treaties of reinsurance between Union and BAG, by the judicial admission of BAG’S then president Stephen Weicholz. Weicholz also admitted that $278,404 was paid on July 17, 1985 from Union premiums. Defendant BAG points out that while the check being relied on by both Weicholz and the Liquidator is for $278,404, the amount being sought in the turnover proceeding is $242,764.60 with no explanation as to how this latter amount was determined. However, Stephen Weicholz in his supplemental affidavit in opposition to the motion states that a credit was issued for a reinvoicing that lowered one of the billings from $118,309 to $82,651.50, resulting in a credit of $35,657.50, resulting in a total payment to BAG of $242,746.50.* The admissions of Weicholz, made under oath, in prior proceedings are binding upon BAG inasmuch as he was president of BAG at that time, and no issue is presented as to the existence of the reinsurance. Under the circumstances, the denial of such reinsurance and payment by the new owners of *256 BAG will not support dismissal of the complaint. The alternative relief of leave to replead is denied without prejudice to the assertion of such claim for indemnification in a separate action.
The cross motion by WMC to dismiss the third cause of action likewise should be granted. This alternative pleading could only stand if there was a genuine dispute as to when WMC transferred the moneys to BAG. Here, however, the payment was made on July 18, 1985 after the order of liquidation had been entered. A voidable transfer occurs only in the four months before the commencement of liquidation proceedings. (Insurance Law § 7425.) On these facts, no voidable transfer under Insurance Law § 7425 occurred.
The first cause of action of the complaint seeks to recover funds of Union transferred by WMC to BAG in violation of the order of liquidation. Defendant WMC maintains that for the order of liquidation to be an effective bar to the transfer the parties must be given notice of the order. The Liquidator claims that Insurance Law § 7405 provides for notice by filing which should be effective to hold BAG and WMC responsible for the funds.
Section 7405 provides as follows:
"(a) An order to liquidate the business of a domestic insurer shall direct the superintendent and his successors in office, as liquidator, forthwith to take possession of the property of such insurer and to liquidate the business of the same and deal with such property and business of such insurer in their own names as superintendents or in the insurer’s name as the court may direct, and to give notice to all creditors to present their claims.
"(b) The superintendent and his successors shall be vested by operation of law with the title to all property, contracts and rights of action of such insurer as of the date of the entry of the order so directing them to liquidate. The filing or recording of such order in any record office of the state shall impart the same notice that a deed, bill of sale or other evidence of title duly filed or recorded by such insurer would have imparted. The rights and liabilities of any such insurer and of its creditors, policyholders, shareholders, members and all other persons interested in its estate shall, unless otherwise directed by the court, be fixed as of the date the order is entered in the office of the clerk of the county where such insurer had its principal office on the date the proceeding *257 commenced, subject, however, to the provisions of section seven thousand four hundred thirty-three of this article to the rights of claimants holding contingent claims.”
Under the liquidation order Union’s obligations to provide insurance terminated as of 12:01 a.m. eastern daylight savings time on August 17, 1985. As to other subsisting contracts and obligations such agreements were terminated as of the date of the entry of the liquidation order. The liquidation order was entered on July 16, 1985 freezing the rights and obligations of these parties. The order directed agents of Union, which would include WMC, not to transfer or dispose funds belonging to Union.
As of July 16, 1985, the agency relationship between WMC and Union was terminated by the order of liquidation. WMC had no authority to act on behalf of Union after that time and funds held on behalf of Union were trust funds subject to the liquidation order. The transfer of the moneys to BAG was made without authority.
Insurance Law § 7405 sets forth a statutory scheme for determining the effective date of the liquidation and provides notice by filing so as to freeze the rights of the parties. Defendant WMC contends that such notice is insufficient to meet the requisites of due process, that actual notice is necessary and that the Liquidator has not submitted proof demonstrating such notice.
The position of WMC presupposes that WMC has a right or claim to the premiums that is affected by the lack of notice. WMC does not claim that it has a right to the premium moneys, rather WMC alleges that BAG was entitled to payment on certain reinsurance. The payment for reinsurance did not necessarily have to come from the premium moneys being held by WMC. Thus, WMC presents no property interest of its own that would require actual notice of the liquidation.
The notice requirements of the Insurance Law are designed to permit individuals to come forward and make a claim in the liquidation. (See, Insurance Law § 7405.) WMC makes no claim in its own behalf for said moneys nor does it have such a claim. (See, Corcoran v Weicholz Mgt. Corp., Sup Ct, NY County 1988, index No. 41292/85.) BAG does not come forward with any claim to retain the moneys, indeed BAG takes the position that it never received the payment claimed to have been made by WMC. Were it to interpose such a claim it would not constitute a setoff permissible under Insurance Law *258 § 7427 since there is no mutuality inasmuch as the debts are not due to and from the same person in the same capacity (Matter of People [Consolidated Indem. & Ins. Co.], 287 NY 34, 38 [1941]). Further, section 7427 also prohibits a transfer of funds for the purpose of effectuating a setoff.
While WMC suggests that it would be unduly burdensome to require examination of County Clerk records for liquidation orders, this whole situation could have been avoided had WMC consulted Union prior to transferring the funds to BAG, to confirm its agency and the method of payment to be employed.
The transfer was admittedly made after the filing of liquidation order. The order prohibits such conduct and the defendant WMC had no right to use the funds to pay BAG and BAG has no right to retain the funds.
Accordingly, the cross motions by defendant BAG and WMC for dismissal of the first cause of action is denied. WMC’s motion to dismiss the third cause of action is granted. Plaintiff’s motion for summary judgment against both defendants on the first cause of action is granted.

 The footnote in the Weicholz affidavit contained arithmetical errors. It started with an incorrect figure for the check of July 17, 1985 of $278,404.50. The figures used in the body of this opinion reflect the supporting documents, checks and bills.