247 N.J. Super. 119 (1991)
588 A.2d 883
SUPERINTENDENT OF INSURANCE OF THE STATE OF NEW YORK AS LIQUIDATOR OF UNION INDEMNITY INSURANCE COMPANY OF NEW YORK, PLAINTIFF-APPELLANT,
v.
INTERNATIONAL EQUIPMENT LEASING, INC., DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued November 27, 1990.
Decided April 3, 1991.
*120 Before Judges MICHELS, BRODY and GRUCCIO.
Robert E. Mensel argued the cause for appellant (Hanlon, Herzfeld & Rubin, attorneys; Robert E. Mensel, of counsel and on the brief).
Charles W. Cipolla argued the cause for respondent.
The opinion of the court was delivered by MICHELS, P.J.A.D.
We granted leave to plaintiff Superintendent of Insurance (Superintendent) of the State of New York as liquidator of Union Indemnity Insurance Company (Union Indemnity) to appeal from an order of the Law Division that denied its motion for summary judgment with respect to the counterclaim filed by defendant International Equipment Leasing, Inc. (International) for costs, counsel fees and punitive damages. At issue is whether the claims asserted by International against the out-of-state liquidator of an insolvent insurance carrier can be brought in a state other than the state in which the liquidation proceedings were instituted. The trial court held as a matter of law that the counterclaim was properly brought in the Law Division. We disagree and reverse.
*121 On July 16, 1985, the Honorable Ira Gammerman, Justice of the Supreme Court of the State of New York, County of New York, adjudged Union Indemnity insolvent and appointed the Superintendent as liquidator. The Superintendent instituted this action in the Law Division against International to collect premiums for insurance coverage provided by Union Indemnity. International counterclaimed for costs, counsel fees and punitive damages. The trial court granted International's motion for summary judgment, thereby dismissing the Superintendent's claim. The trial court also granted the Superintendent's cross-motion to strike International's counterclaim but on reconsideration, reinstated the counterclaim. Thereafter, the Superintendent moved for summary judgment, seeking a dismissal of the counterclaim on the ground that New Jersey law requires pursuit of any claim against the liquidator in the State of New York court which ordered the liquidation. As a separate and independent basis for summary judgment, the Superintendent argued that the counterclaim essentially alleged malicious use of process, not fraud, and as an action for malicious use of process, it failed to state a claim upon which relief could be granted. The trial court denied the motion, holding that the counterclaim was properly brought in the Law Division and that genuine issues of material fact with respect to the substantive claim existed. This appeal followed.
Both New Jersey and New York adopted the Uniform Insurers Liquidation Act ("Act"), N.J.S.A. 17:30C-1 et seq.; N.Y. Ins.Law § 7401 et seq. (Consol. 1985), and therefore, are reciprocal states under the Act. N.J.S.A. 17:30C-1(f); N.Y.Ins.Law § 7401. "The Act provides for a uniform, orderly and equitable method of making and processing claims against defunct insurers and provides for a fair procedure to distribute the assets of defunct insurers." Ballesteros v. New Jersey Property Liab. Ins. Guar. Assoc., 530 F. Supp. 1367 (D.N.J.), aff'd, 696 F.2d 980 (3d Cir.1982).
The Superintendent monitors the financial health of all domestic insurance companies. The Superintendent may seek a *122 liquidation order in the trial court. N.J.S.A. 17:30C-2; N.Y. Ins.Law § 7404, 7421. Grounds for a liquidation order include insurer insolvency, refusal to cooperate in the Superintendent's regulatory oversight or a finding that further transactions will be hazardous to policyholders, creditors or the public. N.J.S.A. 17:30C-8; N.Y.Ins.Law § 7404. The liquidation order directs the Superintendent to take possession of the insurer's property and to liquidate the business.
The court may direct the Superintendent to manage the insurer's property in the insurer's name or in the Superintendent's name. The order vests the Superintendent with title to all of the insurer's property, excluding assets located in reciprocal states that have appointed ancillary receivers, and rights to all of the insurer's contracts and causes of action. N.J.S.A. 17:30C-9; N.Y.Ins.Law §§ 7405, 7410(b). New Jersey defines "reciprocal state" as:
any state other than this State in which in substance and effect the provisions of the Uniform Insurers Liquidation Act, as defined in section 23 of this act are in force, including the provisions requiring that the commissioner or equivalent insurance supervisory official be the receiver of a delinquent insurer. [N.J.S.A. 17:30C-1(f)].
New York defines "reciprocal state" in a similar manner. N.Y. Ins.Law § 7401.
After ordering the insurance company into liquidation, the court maintains continuing jurisdiction over the liquidation proceedings to ensure that the Superintendent's office properly discharges its duties. Lac D'Amiante du Quebec, Ltee. v. American Home Assurance Co., 864 F.2d 1033, 1040 (3d Cir.1988). When issuing the liquidation order or at any time thereafter, the court may issue an order declaring the insurer insolvent. N.J.S.A. 17:30C-30; N.Y.Ins.Law § 7432(a). The court may also dissolve the corporate existence of the insurer if certain statutory grounds for such an action are present. N.J.S.A. 17:30C-8; N.Y.Ins.Law § 7416. In addition, the court may enjoin the insurer or its agents from interfering with the *123 Superintendent's liquidation. N.J.S.A. 17:30C-5; N.Y.Ins.Law § 7419(b).
While the Superintendent is collecting the insurer's assets and protecting the insurer's estate from suits, the Superintendent also processes claims made against the insurer's estate. The Act provides that anyone who may possess a claim against an insurer in liquidation shall present them to the Superintendent within four months from the date of the liquidation order. N.J.S.A. 17:30C-30; N.Y.Ins.Law § 7432. Claims of non-residents may be filed with an ancillary receiver in a reciprocal state. N.J.S.A. 17:30C-18; N.Y.Ins.Law §§ 7411, 7412.
New York law provides an orderly procedure for claims against the Superintendent. N.Y.Ins.Law § 7411. New Jersey has a similar procedure. N.J.S.A. 17:30C-18. A claimant initiates the process by filing a proof of claim setting forth the particulars with the Superintendent. The Superintendent refers disputed claims, which cannot be resolved quickly, to a court appointed referee. The referee for the Union Indemnity liquidation is the Honorable Hyman Korn, a former State of New York judge. Judge Korn, and all liquidation referees, conduct hearings and take evidence in accordance with the New York civil practice rules. The referee's report and recommendation are subject to review by the court presiding over the liquidation. Dissatisfied claimants have full rights of appeal from adverse decisions. See, e.g., In re Liquidation of Consol. Mut. Ins. Co., 60 N.Y.2d 1, 466 N.Y.S.2d 663, 453 N.E.2d 1080 (1983).
Here, the terms of the liquidation order do not foreclose International from bringing its claim in New York. The order merely requires International to follow N.Y.Ins.Law § 7411 by filing its claim within the liquidation proceeding. Thus, the New York forum is available to International and as a matter of New Jersey law, is the only forum for this matter.
By adopting the Act, both the New Jersey and New York Legislatures expressly recognized that the orderly liquidation *124 and distribution of assets of an insolvent insurance company requires centralized management of the delinquency proceeding in one state. Murphy v. Ambassador Ins. Co., 195 N.J. Super. 274, 281, 478 A.2d 1243 (Ch.Div. 1984); Ballesteros v. New Jersey Property Liab. Ins. Guar. Assoc., 530 F. Supp. 1367. See also Lac D'Amiante du Quebec, Ltee. v. American Home Assurance Co., 864 F.2d 1033. State liquidation proceedings best effectuate their purpose of fairly and efficiently winding up the affairs of an insolvent company when free from the interference of outside courts. In Blackhawk Heating & Plumbing Co., Inc. v. Geeslin, 530 F.2d 154, 159-60 (7th Cir.1976), the court explained that:
States have a paramount interest in seeing that liquidation proceedings conducted by court-appointed liquidators and overseen by their courts are free from the interference of outside agencies. This interest is of even greater importance when the company undergoing liquidation is a domestic insurance company or other financial institution. The interests of the company's owners, policyholders, and creditors, as well as the public, are best served and protected by an orderly and efficient process of liquidation. The liquidation [of an insolvent insurer] is best left to a proceeding which will settle all of its affairs and dispose of all of its property. [Other] courts should refrain from deciding select issues confronting another court in pending proceedings. [citations omitted].
Courts have long recognized the need for giving one state exclusive jurisdiction over delinquency proceedings.
Experience has demonstrated that, in order to secure an economical, efficient, and orderly liquidation and distribution of the assets of an insolvent corporation for the benefit of all creditors and stockholders, it is essential that the title, custody, and control of the assets be intrusted to a single management under the supervision of one court. Hence other courts, except when called upon by the court of primary jurisdiction for assistance, are excluded from participation. This should be particularly true as to proceedings for the liquidation of insolvent insurance companies, for the reasons adverted to by Mr. Justice Cardozo in Clark v. Williard, 292 U.S. 112, 54 S.Ct. 615, 78 L.Ed. 1160 [1934]. [Ballesteros v. New Jersey Property Liab. Ins. Guar. Assoc., 530 F. Supp. at 1371 (citing Motlow v. Southern Holding & Sec. Corp., 95 F.2d 721, 725- 26 (8th Cir.), cert. denied, 305 U.S. 609, 59 S.Ct. 68, 83 L.Ed. 388 (1938))].
The New Jersey Legislature recognized the benefits of centralizing management over delinquency proceedings in the courts of one state and adopted the Act, which provides, in pertinent part:

*125 In a delinquency proceeding in a reciprocal State against an insurer domiciled in that State, claimants against such insurer who reside within this State may file claims either with the ancillary receiver, if any, appointed in this State, or with the domiciliary receiver. All such claims must be filed on or before the last date fixed for the filing of claims in the domiciliary delinquent proceedings. [N.J.S.A. 17:30C-19(a)].
Under the Act, as adopted in New Jersey, New York and many other states, claims against the liquidator of an insurer in a reciprocal state must be brought in the state of liquidation under the law of that state unless an ancillary receiver has been appointed. No ancillary receiver was appointed in New Jersey for Union Indemnity. Consequently, the Act requires that International's counterclaim be dismissed and that the claim be brought in New York according to New York law.
Significantly, New York courts also recognize the importance of the policies underlying this rule and have dismissed claims of New York residents in deference to liquidation proceedings in reciprocal states. For example, in G.C. Murphy Co. v. Reserve Ins. Co., 54 N.Y.2d 69, 444 N.Y.S.2d 592, 429 N.E.2d 111 (1981), the court held that the Act required a creditor seeking reimbursement under a New York insurance contract to pursue its claim in the liquidation proceeding in Illinois. The case involved a state, Illinois, which adopted the Act, an Illinois insurance company and an Illinois court order sending the insurer into liquidation seven years after the commencement of the insured's litigation in the New York courts. In staying the insured's suit and sending the insured to seek relief in the Illinois liquidation proceeding, the court explained:
We are ... cognizant of the individual hardship suffered by the present plaintiff, who has been in the throes of litigation for the past seven years and now must pursue its claim in the distant forum of Illinois. By enacting the Uniform Insurers Liquidation Act, our Legislature has determined that such occasional instances of adversity are outweighed by the paramount interest of the various States in seeing that insurance companies domiciled within their respective boundaries are liquidated in a uniform, orderly and equitable manner without interference from external tribunals. [Id. at 80-81, 444 N.Y.S.2d at 598, 429 N.E.2d at 117].
In Vlasaty v. Avco Rent-A-Car, 60 Misc.2d 928, 304 N.Y.S.2d 118 (Sup.Ct. 1969), a New York claimant sought to pursue *126 a common-law declaratory judgment action in New York against an Ohio insurer in liquidation. The suit arose from an automobile accident in New York. In granting the insurer's motion to dismiss, the court stated:
Both jurisdictions, New York and Ohio, have adopted the Uniform Insurers Liquidation Act. (Insurance Law, §§ 517-524). The purpose of this adoption was to provide for a uniform, orderly and equitable method of making and processing claims against the defunct insurer and to provide for a fair procedure to distribute the assets of said defunct insurance carrier.
Section 521 of the Insurance Law of the State of New York sets forth the procedure for filing claims by residents against delinquent insurers domiciled in reciprocal states. The New York residents may either file claims with the ancillary receiver, if any, appointed in this state, or with the domicilliary receiver in the foreign or reciprocal state. In the instant matter, since no ancillary receiver was appointed, the plaintiff must proceed to prove his claim in the domiciliary state, viz., Ohio. [Id. at 930-31, 304 N.Y.S.2d at 120].
The sole exception to the requirement that the liquidating court maintain exclusive jurisdiction involves mutual debts between the insurer and the claimant. N.J.S.A. 17:30C-27; N.Y. Ins.Law § 7427. "To be mutual, they [the debts] must be due to and from the same persons in the same capacity." Beecher v. Peter A. Vogt Mfg. Co., 227 N.Y. 468, 473, 125 N.E. 831, 833 (1920). No such mutuality is present in this case. The debt initially claimed by the Superintendent arose from the insurer-insured relationship between Union Indemnity and International. The counterclaim arose solely from the litigation brought by the Superintendent which International asserts to be a "fraud". Moreover, the Superintendent's claim sounds in contract, while International's counterclaim sounds in tort. Therefore, no mutuality is present.
The Act also mandates International's compliance with the July 16, 1985 order of the New York Supreme Court restraining all persons from prosecuting any action against Union Indemnity other than the required filing and litigation of the claims in the New York Supreme Court. The Act provides:
a. Upon application by the commissioner for such an order to show cause, or at any time thereafter, the court may, without notice, issue an injunction restraining the insurer, its officers, directors, stockholders, policyholders, *127 agents, and all other persons from the transaction of its business or the waste or disposition of its property until the further order of the court.
b. The court may, at any time during a proceeding under this chapter, issue such other injunctions or orders as may be deemed necessary to prevent interference with the commissioner or the proceeding, or waste of the assets of the insurer, or the commencement or prosecution of any actions, or the obtaining of preferences, judgments, attachments or other liens, or the making of any levy against the insurer or against its assets or any part thereof. [N.J.S.A. 17:30C-5].
See N.Y.Ins.Law § 7419.
In effect, this order merely requires International to follow the procedures required by the Act. "The injunction contained in the liquidation order must be interpreted to include counterclaims, despite the fact that the order does not specifically refer to counterclaims." Schenck v. Coordinated Coverage Corp., 50 A.D.2d 50, 51, 376 N.Y.S.2d 131, 133 (1st Dept. 1975). In Van Schaick v. Lincoln Dye Works, Inc., 146 Misc. 342, 263 N.Y.S. 114 (Sup.Ct. 1933), the court dismissed defendant's counterclaim as coming within the bar of the restraining order. The court found that:
The defendant has already filed claims in the liquidation proceeding covering the same matter contained in its counterclaim. It would seem that the defendant is now attempting to do by way of a counterclaim that which it could not do if it attempted to institute an action against the superintendent of insurance as liquidator.... The Insurance Law provides for an orderly procedure in which all creditors are treated alike. The defendant has been given the right to file its claim as such creditor, which it has done. To permit it now to interpose this counterclaim would create a preference in its favor. [Id. at 343, 263 N.Y.S. at 115].
In Lion Bonding & Sur. Co. v. Karatz, 262 U.S. 77, 43 S.Ct. 480, 67 L.Ed. 871 (1923), the Nebraska Department of Trade and Commerce's right to liquidate the Lion Bonding Company, a Nebraska corporation, in accordance with Nebraska statutes and State of Nebraska court orders entered pursuant to such statutes, free from interference by other courts was at issue. The Supreme Court held that "where a court of competent jurisdiction has, by appropriate proceedings, taken property into its possession through its officers, the property is thereby withdrawn from the jurisdiction of all other courts." Id. at 88, 43 S.Ct. at 484, 67 L.Ed. at 871.
*128 The Act also bars the assertion of counterclaims against the Superintendent in an action commenced by the Superintendent outside of the liquidation court. In Harnett v. National Motorcycle Plan, Inc., 59 A.D.2d 870, 399 N.Y.S.2d 242 (1st Dept. 1977), the Superintendent brought suit to collect premiums and commissions from a broker owed to the insurer in liquidation. The broker counterclaimed for breach of contract seeking incidental and consequential damages. Relying on a line of cases holding that the injunction included in a liquidation order issued under the Act enjoins the interposition of counterclaims, the court dismissed the counterclaim. See Schenck v. Coordinated Coverage Corp., 50 A.D.2d at 51, 376 N.Y.S.2d at 133. See also Pink v. Title Guarantee & Trust Co., 274 N.Y. 167, 8 N.E.2d 321, reargument denied, 274 N.Y. 610, 10 N.E.2d 575 (1937); Van Schaick v. Lincoln Dye Works, Inc., 146 Misc. 342, 263 N.Y.S. 114. Courts in other jurisdictions have reached similar conclusions. See Thacher v. H.C. Baldwin Agency, Inc., 283 F.2d 857 (7th Cir.1960); Medallion Ins. Co. v. Wartenbee, 568 S.W.2d 599 (Mo. App. 1978); Commonwealth ex rel. Sheppard v. Central Penn Nat'l Bank, 31 Pa.Cmwlth. 190, 375 A.2d 874 (1977).
There is no reason for making the administration of an insolvent insurance company's estate by the court of the state where liquidation proceedings commenced subject to the jurisdiction of other courts. The reasons for noninterference are compelling. By adopting the Act, the Legislature intended to secure the economical, efficient and orderly liquidation and distribution of the assets of defunct corporations for the benefit of all creditors and stockholders. To achieve the legislative intent, it is essential that title, custody and control of the assets be entrusted to a single management under the supervision of one court. Furthermore, International failed to provide any valid reason why it could not file its claim in New York or why a New York court would unfairly handle its claim if International did so.
*129 The injunction entered by Justice Gammerman of the Supreme Court of the State of New York enjoining all persons from obtaining judgments against Union Indemnity and restraining all persons from interfering with the liquidation prevents International from maintaining this action. The Supreme Court of the State of New York has the duty to provide for the orderly liquidation and preservation of assets of insolvent companies. If the Superintendent was forced to defend lawsuits brought after the liquidation decree was entered, the assets would not be protected and claims would not be paid equitably. Because of these strong equitable reasons, this court must give effect to the Supreme Court of the State of New York's injunction.
Accordingly, we reverse the summary judgment and dismiss the counterclaim of International without prejudice to International's right to prosecute the claim against the Superintendent in New York. In view of our decision, we need not reach the issue as to whether International's counterclaim states a claim against the Superintendent.