Phillip R. O'CONNOR, Director of Insurance of the State of Illinois, as Liquidator of Reserve Insurance Company, Plaintiff,

v.

INSURANCE COMPANY OF NORTH AMERICA; INA Underwriters Insurance Company; Hamburg International Reinsurance Company; Societe Commercial de Reassurance; Gerland Global Reinsurance Corp. (U.S. Branch); Lumbermen's Mutual Insurance Company; Dominion Insurance Company of America; North American Reinsurance Corporation; Employers Reinsurance Corporation; Puritan Insurance Company; Munich American Reinsurance Company; New England Reinsurance Corporation; Prudential Reinsurance Company; Scor Reinsurance Company; Seminole Refining, Inc.; Pride Refining, Inc.; Independent Refining Corporation; General Reinsurance Corporation; American Reserve Insurance Brokers/International, Inc.; Montgomery and Collins, Inc. of Texas; Petroleum Insurance Inc.; Munich Reinsurance Co. (U.S. Branch); Monarch Insurance Company of Ohio; Central National Insurance Company of Omaha; Lloyds of London; Willis, Faber & Dumas; Rochdale Insurance Company; Excess & Casualty Reinsurance Association; and Bind, Inc., Defendants.

No. 81 C 4690.

United States District Court, N.D. Illinois, E.D.

Sept. 1, 1987.

---

Jeremiah Marsh, Michael Schneiderman, John L. Rogers, III, John N. Gavin, Rebecca R. Pallmeyer, Hopkins & Sutter, Chicago, Ill., for plaintiff.

David M. Spector, Edward R. Gower, Isham, Lincoln & Beale, Clay H. Phillips, Peter M. Sfikas, Peterson, Ross, Schloerb & Seidel, Alexander R. Domanskis, Ross, Hardies, O'Keefe, Babcock & Parsons, John W. Dondanville, Baker & McKenzie, Arent J. Jacobson, Erwin I. Katz, Alvin L. Kruse, Hoffman & Davis, Chicago, Ill., and Rein, Mound & Cotton, New York City, for defendants.

## MEMORANDUM OPINION

BRIAN BARNETT DUFF, District Judge.

On October 21, 1985, Judge Plunkett issued an order granting the defendants' motion for partial summary judgment, denying the plaintiff's cross-motion, and granting the defendants' motion to dismiss Counts V and VI of the complaint for failure to state a claim. *O'Connor v. Insurance Company of North America,* 622 F.Supp. 611 (N.D.Ill.1985). The case was transferred to this court on October 29, 1985, and ten months later plaintiff moved to reconsider pursuant to Fed.R.Civ.P. 54(b).[1]

## FACTS

Background facts essential to understanding the case are set forth below. For more detail, see Judge Plunkett's ruling, *id* at 613–15.

Philip O'Connor, Director of Insurance for the State of Illinois, brings this action as Liquidator ("Liquidator") of the Reserve Insurance Company ("Reserve"). Defendants are twenty-six insurance companies that entered into reinsurance contracts with Reserve and three other companies that managed or had the right to manage those contracts. American Reserve Insurance Brokers International, Inc. ("ARIB"), an affiliate of Reserve, was the manager prior to Reserve's liquidation and shortly thereafter.

Reserve went into liquidation on May 29, 1979. It had been losing money under the reinsurance contracts since the beginning

---

1. Two of the defendants argue that this motion cannot be addressed because it was not filed within ten days of Judge Plunkett's order. *See* Memorandum of General Reinsurance and North American Reinsurance in Opposition to Plaintiff's Motion for Reconsideration at pp. 2–3. This ten-day deadline comes from Fed.R. Civ.P. 59(e), however, which is inapplicable. Because Judge Plunkett's order adjudicated fewer than all the claims or the rights of all the parties in this lawsuit, Rule 54(b) applies. Rule 54(b) provides that an order is subject to revision any time before a final judgment is entered as to all the claims of all the parties. Thus this court has the power to address the plaintiff's motion for reconsideration.

of that year. ARIB, as manager, stopped issuing Reserve policies, and the Liquidator contends it also cancelled a large number of policies in April and May of 1979.

In this action, the Liquidator sought to recover various sums primarily composed of reinsurance proceeds and unearned premiums. Defendants responded by claiming that they were entitled to a set-off of monies allegedly owed by Reserve under the reinsurance contracts. The Liquidator also alleged that defendants improperly cancelled a large number of Reserve's policies just prior to bankruptcy. These two legal issues were addressed in the cross-motions for summary judgment and in the motion to dismiss, respectively, and are now before this court for reconsideration.

## DISCUSSION

The Seventh Circuit has stated that "[a] district judge should carefully consider the propriety of re-examining a prior ruling of another district judge in the same case...." *Eades v. Thompson*, 823 F.2d 1055, 1061 (7th Cir.1987) (quoting *Peterson v. Lindner*, 765 F.2d 698, 704 (7th Cir. 1985)). Accordingly, this court will defer to Judge Plunkett's ruling as the law of the case unless his decision was clearly erroneous or manifestly unjust. *See Redfield v. Continental Casualty Corp.*, 818 F.2d 596, 605 (7th Cir.1987). Neither of these exceptions is applicable here, thus the Liquidator's motion for reconsideration is denied for the reasons stated below.

### 1. *The Set-Off*

■ As explained in Judge Plunkett's opinion, the Illinois Insurance Code provides that "[i]n all cases of mutual debts or mutual credits between the company and another person, such credits and debts shall be set off or counterclaimed and the balance only shall be allowed or paid...." Ill.Rev.Stat. ch. 73, § 818 (Supp.1987) (effective July 1, 1967). Judge Plunkett found (and the parties do not dispute) that mutual debts are those arising at the same stage of the proceedings, so that debts owed prior to bankruptcy only can be set off by other debts owed prior to bankrupt-

cy. Since the parties agree that the debts owed by Reserve under the reinsurance contracts are preliquidation debts, *see* note 8 of Judge Plunkett's opinion, the only question is whether the debts allegedly owed by defendants fall into the same category.

This court finds that they do. The claimed sums include (1) reinsurance proceeds for losses incurred by Reserve's policyholders prior to liquidation but not paid as of the date of the liquidation order; (2) monies owed by defendants to Reserve for policyholders' claims that were paid with Reserve's funds prior to bankruptcy; (3) Reserve's pro rata share of premiums earned under one of the reinsurance agreements; and (4) the unearned premiums on Reserve policies cancelled on May 29, 1979. All of these amounts were fixed prior to or upon liquidation, and one of them (the policyholders' claims paid with Reserve's funds) is alleged to have been expended as of that date.

Judge Plunkett's opinion contains numerous citations to legal authorities that need not be repeated. *See generally*, 4 *Collier on Bankruptcy* § 68 *et seq.* (14th ed. 1978). That ruling also questioned one of the chief cases on which the Liquidator relies, *Melco System v. Receivers of Trans-America Ins. Co.*, 268 Ala. 152, 105 So.2d 43 (1958), and we cannot say that his skepticism was groundless. Moreover, we find that the other decisions cited by the Liquidator— none of which was rendered since the date of the original order—are distinguishable and do not justify changing the result already reached.

In *Manchester Insurance & Indemnity Company v. Manchester Premium Budget Corporation*, 469 F.Supp. 126 (E.D.Mo. 1979), the district judge refused to allow a set-off for unearned premiums because the cancellation of the policies (and hence the right to the premium returns) occurred after the date of insolvency. *Id.* at 129. On appeal, the Eighth Circuit focused not on that basis for the district court's opinion, but on another one: the dissimilarity of the capacities of the parties involved in the set-off. *See Manchester Premium Budget*

*Corporation v. Manchester Insurance & Indemnity Company,* 612 F.2d 389, 392 (8th Cir.1980).

*Ratchford v. United States Central Underwriters Agency, Inc.,* 492 F.Supp. 137 (E.D.Mo.1980), also is inapposite. In that case, the court gave numerous reasons for disallowing a set-off, and only as an afterthought mentioned that the claim was unliquidated. *Id.* at 140–41. In *Harnett v. National Motorcycle Plan, Inc.,* 59 A.D.2d 870, 399 N.Y.S.2d 242, 244 (1st Dept.1977), the court based its decision on the dissimilarity of the parties' capacities, and in *Pink v. Title Guarantee & Trust Co.,* 274 N.Y. 167, 8 N.E.2d 321, 324 (1937), the court held that at the time of the insolvency there was no debt because the alleged fraud had not yet been discovered. Thus none of these cases can help the Liquidator and, even if they could, none is binding on this court.

There is also a significant policy reason for upholding Judge Plunkett's ruling. Reserve has a right to the benefit of its reinsurance contracts, which defined the parties' rights and liabilities with respect to the monies in dispute. Reinsurance contracts are construed in accordance with general principles of contract law, including an implied duty to act in good faith. *See* 13A J.A. Appelman & J. Appelman, *Insurance Law and Practice* § 7686 (1976). Once the reinsured goes into liquidation, the purpose of the reinsurance agreements is vitiated. The reinsured's liability on the policies ceases, and the reinsurer is bound to return unearned premiums and, presumably, any other form of consideration to which it is not entitled. *Id.* at § 7702. Any other result would not be in accordance with what the parties must have intended upon entering into the reinsurance contracts. The motion to reconsider allowance of the set-off is denied.

2. *The Motion to Dismiss Counts V & VI.*

Counts V and VI of the Liquidator's complaint allege that ARIB wrongfully cancelled a large number of Reserve's policies in the months prior to liquidation, thus depriving Reserve of unearned premiums and commissions to which it supposedly was entitled. Judge Plunkett denied crossmotions for summary judgment on these counts and granted the defendants' motion to dismiss. It is only the latter ruling that the Liquidator has asked this court to reconsider.

Once again, we find that Judge Plunkett's decision must be upheld, though perhaps on different grounds. Judge Plunkett relied on a provision in one of the reinsurance contracts that gave the manager complete discretion to replace the policy of any member with another member's policy. *O'Connor v. Insurance Company of North America, supra* at 620. He did not consider whether this provision would be contrary to public policy. *See, e.g., Hershey v. Kennedy & Ely Insurance,* 294 F.Supp. 554 (S.D.Fla.1967); *Clay v. Independence Mutual Insurance Co.,* 359 S.W.2d 679 (Mo.1962); *Bohlinger v. Ward & Company,* 20 N.J. 331, 120 A.2d 1 (1956).

Nevertheless, we agree that the preference section of the Insurance Code, Ill.Rev.Stat. ch. 73, § 816(2) (Supp.1987) (effective July 20, 1967), requires a past debt to exist before a transaction can be avoided. The transaction in this case was not on account of a past debt, but was a contemporaneous exchange of unearned premiums for released liability. There is therefore no preference here, and the motion to reconsider Judge Plunkett's order is denied on the grounds noted.

### CONCLUSION

The Liquidator's motion to reconsider is denied.