Tubneh, J.
 

 Appellant claims that, since the insurance company acquired the note after maturity, the entire amount of the joint-account deposit should be
 
 *544
 
 credited as a set-off. The insurance company, appellee, resists appellant’s claim on the ground that the joint account may not be used as a set-off, either legal or equitable, for the reason that the cross-demands existing between the bank and Elizabeth K. Nichols and her husband on one hand, and between the bank and Elizabeth K. Nichols and Katharine Fox on the other hand, were not mutual, and were not in the same right.
 

 Section 11321, General Code, provides: “When cross-demands have existed between persons under such circumstances that if one had brought an action against the other a counter-claim or set-off could have been set up, neither can be deprived of the benefit thereof by assignment by the other, or by his death. The two demands must be deemed compensated so far as they equal each other. ’ ’
 

 Section 11319, General Code, provides: “A set-off is a cause of action existing in favor of a defendant against a plaintiff between whom a several judgment might be had in the action, and arising on contract or ascertained by the decision of a court. It can be pleaded only in-an action founded on contract.”
 

 Section 710-120, General Code, provides: “When a deposit has been made, or shall hereafter be made in any bank or trust company transacting business in this state in the name of two or more persons, payable to either, or the survivor, such deposit or any part thereof, or any interest or dividend thereon, may be paid to either of said persons whether the other be living or not; and the receipt or acquittance of the person so paid shall be a valid and sufficient release and discharge to the bank for any payments so made.”
 

 This provision (Section 710-120) was enacted .solely for the benefit of the bank and not for the depositor. 5 Ohio Jurisprudence, 389.
 

 This court held, in the case of
 
 Second National Bank of Cincinnati
 
 v.
 
 Hemingray,
 
 34 Ohio St., 381: “The
 
 *545
 
 general rule in equity, as at law, is, that joint debts can not be set off against separate debts, unless there be some special equity justifying it.” In the case of
 
 Andrews
 
 v.
 
 State, ex rel. Blair, Supt. of Banks,
 
 124 Ohio St., 348, 178 N. E., 581, 83 A. L. R., 141, this court held: “A set-off, whether legal or equitable, must relate to cross demands in the same right, and when there is mutuality of obligation.” This was quoted with approval in the case of
 
 Witham
 
 v.
 
 South Side Building & Loan Association of Lima,
 
 133 Ohio St., 560, at page 562, 15 N. E. (2d), 149. In 36 Ohio Jurisprudence, 556, it is said: “It is well settled that, as a general rule, mutuality of the parties is an essential condition of a valid set-off or counterclaim. That is, the debts must be to and from the same persons and in the same capacity. * * * [P. 562] To have the required mutuality, a set-off, whether legal or equitable, must relate to cross-demands in the same right and capacity.”
 

 Appellant’s petition filed in the Court of Common Pleas contains the following allegations:
 

 “Plaintiff has heretofore tendered to the defendant, The Metropolitan Life Insurance Company, and has continued so to do, and hereby does tender to it, an assignment by herself and the defendant, Katharine Fox, of the
 
 certificates of claim
 
 against the defendant, The Ohio Savings Bank & Trust Company, for the deposits aforesaid, as evidence of the right of the defendant, The Metropolitan Life Insurance Company, to be subrogated to the rights of plaintiff and the defendant, Katharine Fox, against said defendant bank and the liquidator thereof, upon the crediting of the amount thereof upon and against plaintiff’s liability upon the note and mortgage aforesaid.” (Italics ours.)
 

 In the course of her testimony, appellant testified:
 

 “Q. I hand you a paper marked Exhibit No. 3, which on its face purports to be a certificate of claim issued to Katharine Fox or Elizabeth K. Nichols against The Ohio Savings Bank & Trust Company, in
 
 *546
 
 the original principal sum of $1754.06. You may state whether or not you are the Elizabeth K. Nichols who is named in that certificate. A. Yes.
 

 “Q. And who is Katharine Fox, the other payee? A. My mother.
 

 “Q. You may state whether or not that certificate of claim was based upon savings account in The Ohio Savings Bank & Trust Company? A. Yes.”
 

 Mrs. Katharine Fox testified that she furnished the money which went into the joint account. On cross-examination, Mrs. Fox testified:
 

 ‘ ‘ Q. And, of course, you reserved the right of survivorship in the account? A. Yes, I did.
 

 “Q. You had an interest in the account? A. I did.” In her redirect examination, Mrs. Fox testified:
 

 “Q. And, to your knowledge, other withdrawals were made by your daughter from time to time for her own use and benefit? A.
 
 Tes, for either of our uses; that was what the account was for.”
 
 (Italics ours.)
 

 The stipulation filed in the Common Pleas Court shows that the payees in the certificate of claim for the joint account were Katharine Fox or Elizabeth K. Nichols. The stipulation shows also
 
 “that said Elisabeth K. Nichols and Katharme Fox have received dividends on said certificate of claim as and when declared by The Ohio Savings Bank and Trust Company, which to the present time have totaled 60%.”
 
 (Italics ours.)
 

 The record nowhere shows that Mrs. Fox ever relinquished or assigned her interest in the joint account. While appellant’s petition .alleges a tendered assignment by appellant and her mother to the insurance company, the record contains no proof of this. However, such proof would not be material here.
 

 While appellant filed a proof of claim with the Superintendent of Banks for the entire joint and survivorship account, yet in that proof of claim she gave the payee as “Katharine Fox or Elizabeth Nichols” and the certificate of claim was made out to
 
 *547
 
 “Payee Katharine Fox or Elizabeth K. Nichols,” and as pointed out above the stipulation shows “that said Elizabeth K. Nichols and Katharine Fox have received dividends on said certificate of claim as and when declared by The Ohio Savings Bank and Trust Company, which to the present time have totaled 60%. ” If appellant were to die prior to the full liquidation of the bank’s assets, could there be any doubt of the right of Mrs. Fox to recover as her own any unpaid dividend or balance of this joint and survivorship account? True, up to the time of the closing of the bank, appellant might have drawn the full balance remaining in the joint account. But after the bank ceased to do business, neither appellant nor her mother could draw on this account or in any way prejudice the rights of the other. (See Section 710-91
 
 et seq.,
 
 General Code.)
 

 The right to withdraw from this account depended upon the continuance of the bank to function as a bank. When the bank ceased to function as a bank, the right of either party to make withdrawals ceased and the payees were relegated to a claim against the bank through the Superintendent of Banks. (See Sections 710-90, 710-91 and 710-92, General Code.)
 

 Of course, such claim against the bank could be assigned, but there is no evidence in the record to support an assignment to appellant of her mother’s interest.
 

 It is urged that the bank’s insolvency is a sufficient ground for an exception to the rule that joint and separate accounts cannot be set off against each other. While recognizing that such an exception may exist by reason of insolvency, we are of the opinion that the facts in the instant case are not such as call for the application of that exception. We are unable to see how appellant has been injured, unless it be by her own laches. That it was not the intention of appellant or her mother prior to the closing of the bank to use the joint account for the payment of any part of appellant’s mortgage-note indebtedness is clear from the
 
 *548
 
 record. Appellant’s note to the bank became due March 29, 1927, while the bank was not taken over for liquidation until August 17, 1931.
 

 In the absence of a special and specific agreement to the contrary, the holder of a note and mortgage has the unlimited right to assign same, either before or after maturity. The insurance company had the right to collect the interest through the bank — it was under no obligation to disclose its ownership so far as this record discloses. Furthermore, it would-seem that a waiver of any right to use this joint account as a set-off against appellant’s note is implicit in the receipt by the payees of that joint account of 60 per cent in dividends on the certificate of claim.
 

 As pointed out by the Court of Appeals, appellant was in no manner injured or prejudiced by the transfer of her note by the bank to the insurance company after maturity, and the sending of interest notices by the bank to her thereafter.
 

 Counsel for appellant claim that appellant could have secured a several judgment against the bank. The record, however, does not sustain this claim. Had appellant attempted to withdraw the funds in this joint account while the bank was open for business and had the bank refused to permit such withdrawal, appellant might have secured a several judgment upon the ground that her right to the entire deposit had become fixed by her demand. Even then, it would have been necessary to have made the mother a party, with opportunty to set up whatever claims the mother might care to put forward. As pointed out by the court below, the court cannot do for appellant what she has not done for herself.
 

 We can find no fraud practiced on appellant, nor can we find any special equity in her favor which would justify an exception to the general rule that joint claims cannot be set off against a separate debt. The record shows conclusively that there was not the mu
 
 *549
 
 tuality of parties essential to a valid set-off — the cross demands are not in the same right and capacity. The record does not disclose any special equity in appellant’s favor justifying a departure from the general rule.
 

 The judgment of the Court of Appeals should be affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Williams, Matthias, Hart and Zimmerman, JJ., concur.
 

 Bettman, J., not participating.