EPINGER, ADMX., APPELLEE, *v.* WADE, APPELLANT.

(No. 3554—Decided March 8, 1943.)

*Messrs. Gottwald, Hershey & Hatch* and *Messrs. Brouse, McDowell, May & Bierce,* for appellee.

*Mr. Raymond J. McGowan* and *Messrs. Weick & Mason,* for appellant.

STEVENS, P. J.   Before this court, this cause appears as an appeal on questions of law.  Plaintiff (appellee) brought an action as administratrix of the estate of her deceased husband, to recover for his alleged wrongful death.

The action under the statute (Section 10509-167, General Code) was necessarily brought for the sole benefit of the next of kin of the decedent.

The defendant (appellant) filed her answer to plaintiff's petition, and also a cross-petition wherein she at-

tempted to set up a counterclaim against the estate of the decedent for personal injuries to herself, sustained in the same automobile collision which resulted in the death of plaintiff's decedent.

The trial court ordered a separation of the two actions, and that the action set out in defendant's cross-petition be docketed as an independent action. From this ruling the instant appeal has been taken.

It is urged by appellant that the trial court erred when it ordered a separation of her cross-petition; further, that said order operated as a dismissal of the cross-petition, and is hence a final order reviewable on appeal.

To test the verity of appellant's contention it is necessary to consider the propriety of the counterclaim attempted to be interposed by her.

If the counterclaim is a valid and proper one, then the denial of the right to be heard thereon in the action below deprived defendant of a substantial right, and constituted a final, appealable order. On the other hand, if the counterclaim was not one which could be properly interposed in this kind of action, then defendant lost nothing to which she was entitled by reason of the trial court's order, and there was no final order.

It must be conceded that personal representatives of decedents may and do act in different legal capacities, under different sets of circumstances. *Wolf, Admr.,* v. *Lake Erie & Western Ry. Co.,* 55 Ohio St., 517, 45 N. E., 708, 36 L. R. A., 812.

In the instant case, the personal representative acted as a trustee for the benefit of the next of kin in the prosecution of the wrongful death action. In defending against the claim of defendant, the personal repre-

sentative acts for and on behalf of the estate of the deceased.

In 36 Ohio Jurisprudence, Set-Off and Counterclaim, Section 63, under the heading "Mutuality of Parties," this statement appears:

"In General.—It is well settled that, as a general rule, mutuality of the parties is an essential condition of a valid set-off or counterclaim. That is, the debts must be to and from the same persons and in the same capacity."

This rule was quoted with approval in *Nichols* v. *Metropolitan Life Ins. Co.,* 137 Ohio St., 542, at page 545, 31 N. E. (2d), 224.

In 34 Corpus Juris Secundum, Executors and Administrators, Section 719, it is stated under "*a.* Debts Due in Decedent's Lifetime against Causes of Action Accruing after His Death":

"In an action by the personal representative on a cause of action accruing after decedent's death, debts due from decedent in his lifetime cannot be set off."

It seems apparent to us that the claim interposed by defendant against the administratrix, acting for the estate of the decedent, does not possess the required attribute of mutuality when opposed to an action brought by the administratrix as trustee for the next of kin. There is no mutuality of parties as required by the provisions of the rule above set forth, the debts or claims not being to and from the same persons in the same capacity.

There was consequently no error in the judgment of the trial court ordering a separation of defendant's counterclaim; there was likewise no final order from which this appeal could be properly taken, and the appeal must be dismissed.

Moreover, in the instant case—where the evidence on the controlling issue presented by the petition and by the counterclaim relate to the *same* transaction, and some of it is competent in the trial on the petition and not competent in the trial on the counterclaim —there was some degree of discretion vested in the trial court as to whether there should be separate trials; and under the circumstances of this case we find no abuse of discretion.

*Appeal dismissed.*

WASHBURN and DOYLE, JJ., concur.