E. S. PRESTON ASSOCIATES, INC., D.B.A. ESPA, APPELLEE, *v.*
PRESTON, APPELLANT.

[Cite as E.S. Preston Assoc., Inc. *v.* Preston (1986),
24 Ohio St. 3d 7.]

(No. 85-1354—Decided May 14, 1986.)

*Metz, Bailey & Spicer* and *Kenneth J. Spicer,* for appellee.

*Rankin M. Gibson Co., L.P.A., Lucas, Prendergast, Albright, Gibson & Newman* and *Rankin M. Gibson,* for appellant.

*Per Curiam.* This court is now asked to review the construction by the lower courts of the various contracts executed by appellant and appellee. It is well-settled that contracts must be given a just and reasonable construction in order to carry out the presumed intent of the parties. *Ger-*

*mania Fire Ins. Co.* v. *Schild* (1903), 69 Ohio St. 136, 139-140; *First Natl. Bank of Van Wert* v. *Houtzer* (1917), 96 Ohio St. 404.

The first issue for our consideration involves appellant's liability on the promissory note in which he promised to pay, *on demand,* the cash value of the insurance policies plus any amounts advanced by appellee for payment of the insurance premiums. Appellant argues that the payment on demand language in the note conflicts with the permissive language in the contemporaneous insurance agreement of January 31, 1978 which states that appellant "may, at his option any time before his death pay to the Company the sum of the cash values of the policies * * *." It is important to note, however, that Preston admitted at trial that he owed appellee the cash value of the policies as of the date of transfer of ownership, January 31, 1978. As such, a just and reasonable construction of the note and agreement is that in signing the demand note, appellant exercised his option to pay the cash value before his death.

Appellant also contends that he is not liable to reimburse appellee for the premium payments it made on the "key man" insurance policies. Appellant argues that appellee was aware that the beneficiary of these policies was not changed after ownership was transferred and that appellee voluntarily made the premium payments in consideration for retaining its status as beneficiary. The referee, however, specifically found that appellee was unaware that it remained as beneficiary on the policies. Further, the insurance agreement of January 31, 1978 states that if the company makes any premium payments it *"will* be reimbursed therefor" by appellant. (Emphasis added.) The agreement recites appellant's "intention to maintain the policies by paying the premiums when they are due or by reimbursing the Company for any premiums paid by it." There is thus no ambiguity in the agreement regarding appellant's liability for the premiums. Where the terms of a contract are clear and unambiguous, this court cannot find a different intent from that expressed in the contract. *Alexander* v. *Buckeye Pipe Line Co.* (1978), 53 Ohio St. 2d 241, 246 [7 O.O.3d 403]. The determination of the lower courts that appellant is liable on the note for the cash value of the policies and for the premiums paid by appellee is supported by competent and credible evidence and will not be reversed by this court. *C. E. Morris Co.* v. *Foley Construction Co.* (1978), 54 Ohio St. 2d 279 [8 O.O.3d 261], syllabus. We therefore affirm the court of appeals' judgment that appellant is liable on the note for the full amount demanded by appellee.

The next issue for our consideration concerns appellant's counterclaim seeking to halt appellee's further use of his name. Appellant contends that the employment agreement as amended January 10, 1978 is severable in that the $120,000 deferred compensation was consideration for his past services to appellee, while the five hundred dollar a month payment was to be for his future services and for appellee's right to continue using his name.

We cannot agree that this is a just and reasonable construction of the employment agreement. The agreement provides that "[t]he Company, at its option and for as long as the Company desires, may continue the use of Preston's name." It further states that "[a]s consideration for the agreement herein contained and for services previously rendered, Preston shall receive deferred compensation from the Company in the amount of $120,000 * * *." The agreement reflects that the deferred compensation was paid in consideration for, *inter alia,* the right to continue using appellant's name. That compensation has been paid in full. There is no mention in the agreement of payment to appellant of five hundred dollars a month for the use of his name. Instead, it is stated that the five hundred dollar amount is specifically to compensate appellant for his future services. The referee found that appellant testified he had not rendered any services to the company after January 1982. Thus, there was competent and credible evidence to support the lower court's determination that appellant was not entitled to an injunction against further use of his name, was not entitled to be paid five hundred dollars a month for the continued use of his name, and was not entitled to payment for future services where none had been rendered. We therefore affirm the denial of appellant's counterclaim.

The final issue in this appeal concerns appellant's right to assert as a setoff in this action against him rental owed by appellee to appellant's wholly owned corporation, TSO. The referee in effect concluded that payments to appellant would be payments to TSO. The court of appeals, however, was unwilling to disregard the corporate entity on the facts of this case.

We agree with the appellate court. Courts have been reluctant to disregard the corporate entity and have done so only where the corporation has been used as a cloak for fraud or illegality or where the sole owner has exercised such excessive control over the corporation that it no longer has a separate existence. *North* v. *Higbee Co.* (1936), 131 Ohio St. 507 [6 O.O. 166]. It has also been stated that the corporate entity should be disregarded only when justice cannot be served in any other way. *Auglaize Box Board Co.* v. *Hinton* (1919), 100 Ohio St. 505, 518-519.

In the instant case, no fraud or illegality has been alleged by either party. There was also evidence at trial that at various times several officers of appellee corporation also acted as directors of TSO. Thus, appellant did not exercise excessive control over TSO. Further, since TSO may still bring an action in its own name to recover the rental amounts owed it by appellee, the ends of justice do not require us to disregard TSO's corporate entity in this case. The words of the Wisconsin Supreme Court are particularly appropriate:

"* * * In the present case, those who created the corporation in order to enjoy advantages flowing from its existence as a separate entity are asking that such existence be disregarded where it works a disadvantage

to them. We do not consider it good policy to do so." *Jonas* v. *State* (1963), 19 Wis. 2d 638, 644, 121 N.W. 2d 235, 239.

We thus affirm the judgment of the court of appeals that appellant, individually, cannot properly set off monies owed to TSO by appellee against amounts appellant personally owes appellee.

*Judgment affirmed.*

CELEBREZZE, C.J., PARRINO, LOCHER, HOLMES, C. BROWN and WRIGHT, JJ., concur.

DOUGLAS, J., concurs in judgment only.

PARRINO, J., of the Eighth Appellate District, sitting for SWEENEY, J.