**WAKEFIELD, Appellee,**

**v.**

**FIRST BANK NATIONAL ASSOCIATION, Appellant.**

[Cite as: *Wakefield v. First Bank Natl. Assn.* (1989), 62 Ohio App.3d 737.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 56374.

Decided May 8, 1989.

*Kenneth P. Frankel,* for appellee.

*James H. Hewitt III,* for appellant.

*Per Curiam.*

Plaintiff William Wakefield and his wife maintained a joint personal checking account with defendant First Bank National Association. In 1986, plaintiff and others opened a separate account in the name of Wakefield Financial Services Corp. Wakefield Financial Services created an overdraft in the sum of $2,400. When the bank's request for payment from the corporation went unheeded, the bank set off the overdraft using funds from plaintiff's joint checking account. The setoff was made without plaintiff's knowledge, causing several checks written from the personal account to be returned as having insufficient funds.

Plaintiff brought an action seeking recovery of the $2,400 setoff; the bank counterclaimed for the sum of $2,400, that amount representing the overdraft still existing in the Wakefield Financial Services account. The trial court granted plaintiff's unopposed motion for summary judgment on the issue of liability only, finding no just reason for delay. This appeal followed, the sole issue being whether the trial court erred in granting summary judgment.

Ordinarily, the right to set off requires mutuality of obligation between the bank and its customer. *Nichols v. Metropolitan Life Ins. Co.* (1941), 137 Ohio St. 542, 19 O.O. 241, 31 N.E.2d 224, syllabus. The mutuality requirement may be varied by rules and regulations governing accounts. *Chickerneo v. Society Natl. Bank* (1979), 58 Ohio St.2d 315, 12 O.O.3d 298, 390 N.E.2d 1183, syllabus. The bank asserts that its rules allow it to apply plaintiff's personal funds to the debt owed by Wakefield Financial Services.[1] This assertion lacks merit.

By its own terms, the rule applies only to debts of one or more of the depositors. In this case, the debt is not that of plaintiff as an individual, but that of a corporate entity of which plaintiff appears to be a shareholder. Absent a showing that the corporation has been used as a cloak for fraud or illegality, the corporate entity will not be pierced. *E.S. Preston Assoc., Inc. v. Preston* (1986), 24 Ohio St.3d 7, 11, 24 OBR 5, 9, 492 N.E.2d 441, 446; *North v. Higbee Co.* (1936), 131 Ohio St. 507, 6 O.O. 166, 3 N.E.2d 391, syllabus. Since the bank submitted no evidentiary materials to show otherwise, we

---

1. The relied-upon rule reads as follows:
    "Paragraph 7. *Bank's Right of Off-Set.*
    "The bank reserves the right to apply the entire balance in the account, or any part thereof, to the payment of any indebtedness, direct or indirect, due or to become due, of the depositor of the bank, and if the account is in the names of two or more depositors, the entire balance, or any part thereof, may be applied to the payment of any such indebtedness owing by any one or more of such depositors."

conclude that no factual questions exist concerning plaintiff's personal obligation on the corporate debt. Accordingly, summary judgment was proper as a matter of law. The assigned error is overruled.

*Judgment affirmed.*

MᴄMᴀɴᴀᴍᴏɴ, C.J., J.V. Cᴏʀʀɪɢᴀɴ and Pᴀᴛᴛᴏɴ, JJ., concur.