**Glaser & Myers, Inc.**
**v.**
**Myers**
*[Cite as 3 AOA 8]*

*Case No. C-880693*
*Hamilton County (1st)*
*Decided May 23, 1990*

*Lloyd & Weissenberger and John A. Lloyd, Jr., Esq., Suite 1000, 414 Walnut Street, Cincinnati, Ohio 45202, for Plaintiff-Appellee.*

*Crabbe, Brown, Jones, Potts & Schmidt and Brian E. Hurley, Esq., 1500 Chiquita Center, 250 East Fifth Street, Cincinnati, Ohio 45202, and Loeb, Ney, Vollman, Harper & Friedmann and Roger E. Friedmann, Esq., 700 American Building, Cincinnati, Ohio 45202, for Defendant-Appellant.*

*Per Curiam.*

This cause came on to be heard upon the appeal, the transcript of the docket, journal entries and original papers from the Hamilton County Court of Common Pleas, the transcript of the proceedings, the briefs and the oral arguments of counsel.

This action was commenced in March 1986, when plaintiff-appellee, Glaser & Myers, Inc. (the Company), architectural firm, sought a declaratory judgment construing an employment contract between it and one of its principal employees, Russell C. Myers ("Myers"), defendant-appellant Louetta D. Myers's deceased husband. Russell Myers died January 30, 1985. The Company sought a determination that it had discharged all its obligations to defendant under the contract and was not further indebted to her. Defendant's answer contained a counterclaim alleging that additional compensation, specifically, a prorated portion of thirty percent of the company's profits for the fiscal year beginning on July 1, 1984, was due to her pursuant to a "Directors' Consent" agreement, which was signed by the Company's directors and became effective January 1, 1985.

The trial court granted summary judgment in favor of the Company. Defendant appealed and this Court *sua sponte* dismissed the appeal for the reason that the order from which the appeal was taken was not a final appealable order. *Glaser & Myers Inc. v. Myers* (Jul. 20, 1987), Hamilton App. No. C-870146, unreported. The case was remanded to the trial court for disposition of the counterclaim. The trial court entertained the Company's motion for summary judgment on the counterclaim and subsequently granted it, stating in its entry that the Company's motions for summary judgment on both the complaint and the counterclaim were granted. This timely appeal followed.

Defendant alleges that the trial court erred in granting summary judgment in the Company's favor. She contends that the trial court erroneously concluded that in addition to the death benefit, which was an amount equal to six months of Myers's salary, she was entitled to a percentage of net profits of work in progress and to a prorated share of the company's profitsharing pool for the fiscal year under Myer's employment contract. Her assignment of error is not well taken.

The pivotal issue is whether paragraph 6(a) of Myers's employment agreement with the Company unambiguously limits his estate or designee to six months' salary in lieu of any other compensation. The death benefit in paragraph 6(a) is defined as follows:

"* * * an amount equal to any salary (but not additional compensation) earned and then

unpaid, plus * * * an amount equal to the total salary paid to Meyers (exclusive of additional compensation) during the six (6) month period preceding his death."

Paragraph 2 of the employment agreement defines the deceased's "additional compensation" as anything received:

"[i]n addition to the [gross annual] salary thus provided * * * as the Board of Directors of the Association, shall determine annually, semi-annually, or quarterly."

Defendant contends that paragraph 6 of the employment contract is ambiguous. She argues that pursuant to paragraph 6(d) she is entitled to fifteen percent of the Company's net profit on all work in progress on the books ending in the month of "termination of employment for any reason" since death is a form of termination. Her argument is without merit.

Paragraph 6 of Myers's employment agreement plainly provides for settlement with Myers in four distinct situations: (a) death, (b) partial disability, (c) total disability, and (d) voluntary retirement or termination. A comparison of the "death" benefits set forth in paragraph 6(a) and the "total disability" benefits contained in paragraph 6(c), under which additional payments in the event of total disability are expressly governed by the procedures set forth in paragraph 6(d), indicates that had the contract's death-benefit provision contemplated net profits in addition to salary, paragraph 6(a) would have tracked the same language relative to "total disability" in paragraph 6(c). It does not do so, but instead provides for payment of the death benefit before any profit distribution. Accordingly, we conclude that paragraph 6 of the employment contract is unambiguous and that the procedure for settlement in the event of death is self-contained in paragraph 6(a) and is separate from the contingencies of paragraphs 6(b) through 6(c). Contrary to defendant's argument that if Myers died on the last day of the fiscal year an absurd conclusion would be reached, his estate or designee's receipt of six months' salary is a logical *quid pro quo.*

Likewise, defendant's claim in the second count of her counterclaim, alleging that she is entitled to fifty-eight percent of Myers's thirty-percent share of the Company's profit-sharing pool for fiscal year 1984-85 in addition to the death benefit, is not well taken. The Directors' Consent in no way amends the death-benefit provision in paragraph 6(a) of Myers's employ-ment agreement. Accordingly, by the plain language of Myers's employment agreement, defendant is restricted solely to the death benefit of paragraph 6(a) and nothing more.

Civ. R. 56(C) provides that a motion for summary judgment is properly granted if there "is no genuine issue as to any material fact and * * * the moving party is entitled to judgment as a matter of law." If a contract is unambiguous no issue of fact exists, and its interpretation is a matter of law. *Alexander v. Buckeye Pipeline Co.* (1978), 53 Ohio St. 2d 241, 374 N.E.2d 146. However, if the terms are not clear from the plain language in the contract's four corners, a factual determination of the parties' intent or the contract's reasonableness is necessary. *Inland Refuse Transfer Co. v. Browning-Ferris Industries, Inc.* (1984), 15 Ohio St. 3d 321, 474 N.E.2d 271.

Defendant argues that the trial court erroneously granted summary judgment since her affidavit, which referred to representations purportedly made by Richard Glaser following Myers's death, raised questions of fact regarding the benefits to which she was entitled under an allegedly ambiguous/contradictory unsigned prior draft of the employment agreement. In determining the intent of the parties, a court should primarily resort to the language that was used in the written instrument. When the language of a contract is precise, its meaning is evident, and it does not lead to an absurd conclusion, no reason exists to resort to construction. *Allen v. Standard Oil Co.* (1982), 2 Ohio St. 3d 122, 124, 443 N.E.2d 497, 499. Consequently, a court cannot find a different intent from that expressed in the contract. *E. S. Preston Associates, Inc. v. Preston* (1986), 24 Ohio St. 3d 7, 492 N.E.2d 441. As we concluded *supra,* the deceased's employment contract is unambiguous; therefore, the defendant was not entitled to construction. Accordingly, the trial court, in granting summary judgment in favor of the Company upon its complaint and defendant's counterclaim, correctly concluded that there was no genuine issue of material fact, *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St. 2d 64, 375 N.E.2d 46.

Defendant's assignment of error is overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

KLUSMEIER, P.J., UTZ and GORMAN, JJ.