### In re WILMOT MINING COMPANY, Debtor.

Bankruptcy No. 91–23913–BM.
Motion No. 94–509M.

United States Bankruptcy Court,
W.D. Pennsylvania.

June 13, 1994.

Mary Reitmeyer, Pittsburgh, PA, Chapter 7 Trustee.

C. Andrew McGhee, Rose, Schmidt, Hasley & DiSalle, P.C., Pittsburgh, PA, for Integra Bank/Pittsburgh.

David W. Lampl, Sable, Makoroff & Gusky, P.C., Pittsburgh, PA, for Huntington Nat. Bank.

Thomas G. Eddy, Eddy & Osterman, Pittsburgh, PA, for debtor.

Frank A. Falvo, Sp. Asst. to the U.S. Atty., Pittsburgh, PA.

*MEMORANDUM OPINION*

BERNARD MARKOVITZ, Bankruptcy Judge.

Two interrelated issues presently are before the court:

(1) the appropriate method of marshalling estate assets in order to pay the se-

cured claim of Huntington National Bank (hereinafter "Huntington") pursuant to a settlement between Huntington and the chapter 7 trustee (hereinafter "trustee"); and

(2) the trustee's objection to the secured claims of Integra Bank/Pittsburgh (hereinafter "Integra").

Integra maintains that Huntington's secured claim should be paid in accordance with either of two proposed marshalling schemes, and not in acceptance with the provisions set forth in the settlement. In addition, Integra asserts that the trustee's objections to Integra's secured claims should be overruled because the provisions of the settlement may not be utilized in determining the extent to which Integra's claims are secured.

The trustee responds that Huntington should be paid in accordance with the provisions of the settlement and that the objection to Integra's secured claims therefore should be sustained. However, should the method of paying Huntington which is set forth in the settlement be rejected, the trustee urges that the second marshalling scheme Integra proposes be adopted instead of the first.

The trustee will be directed to pay Huntington according to the second marshalling scheme Integra proposes. In addition, because the manner of distribution to Huntington which is set forth in the settlement is inappropriate, the trustee's specific objections to Integra's secured claims will be overruled.

## I

## FACTS

Debtor filed a voluntary chapter 11 petition October 28, 1991. A chapter 7 trustee was appointed shortly after the case was converted on November 12, 1992.

Debtor previously had owned several parcels of real property located in Stark County, Wayne County, and Tuscarawas County, Ohio, and owned equipment which it used in its mining operations. During the chapter 11 proceeding, Thomas Eddy, debtor's principal, transferred to debtor by quitclaim deed two parcels of real property located in Stark County. These properties were subject at the time of transfer to a first priority pre-petition lien of Integra.

With the exception of the properties Thomas Eddy transferred to debtor, the following relevant pre-petition liens had attached to debtor's real property:

| County | Lienholder | Date of Lien |
|---|---|---|
| Stark | C.A.M. Co. | 03/08/89 |
| | Huntington | 07/10/89 |
| | Integra | 01/02/90 |
| | Century Surety | 02/08/90 |
| | Integra | 03/26/90 |
| Wayne | Huntington | 07/10/89 |
| | C.A.M. Co. | 08/16/89 |
| | Integra | 12/12/89 |
| | Century Surety | 02/14/90 |
| | Internal Revenue Service | 06/14/90 |
| Tuscarawas | C.A.M. Co. | 03/09/89 |
| | Century Surety | 02/08/90 |
| | Integra | 03/28/90 |

In addition to the above, Huntington held a first priority lien against all of debtor's equipment. The Internal Revenue Service (hereinafter "IRS") also had a tax lien against the equipment. Integra did not have a lien against debtor's equipment.

Debtor's real and personal property was sold during these bankruptcy proceedings. All liens or encumbrances against the property were transferred to the net proceeds realized from the sales.

The following net proceeds were realized from the sales:

| | | |
|---|---|---|
| Eddy Properties: | $ 63,990.33 | ("Eddy Fund") |
| Stark County: | 228,715.42 | ("Stark Fund") |
| Wayne County: | 109,251.12 | ("Wayne Fund") |
| Tuscarawas County: | 63,265.89 | ("Tuscarawas Fund") |
| Equipment: | 236,529.74 | ("Equipment Fund") |

At the request of the trustee, an order was issued on September 29, 1993 directing all lienholders of record to submit updated proofs of claim within thirty (30) days. Century Surety, C.A.M. Co., Huntington, and Integra submitted timely updated proofs of claim.

On February 11, 1994, the trustee filed a motion to pay the secured claim of C.A.M. Co. in full and to compromise Huntington's secured claim.

The trustee proposed utilizing the sum of $26,616.48 from the Stark Fund to pay the secured claim of C.A.M. Co. in full.

As of March 1, 1994, the total amount of Huntington's secured claim, including interest and attorney's fees, was $343,278.83. Huntington had agreed to accept the sum of $305,101.95 as payment in full of its secured claim. According to the settlement proposal, Huntington was to receive the sum of $202,098.94 from the Stark Fund and the sum of $103,003.01 from the Wayne Fund. In return for these payments, Huntington agreed to "forego" its first priority lien against the Equipment Fund. Huntington's relinquishment of this lien, the trustee represented, would make possible significant distributions to administrative claimants, to priority tax claimants, and (perhaps) to general unsecured creditors. Junior lienholders, on the other hand, were to be paid from the remaining proceeds (if any) of the Stark Fund, the Wayne Fund, and the Tuscarawas Fund.

In essence, the settlement provided that Huntington would be paid from the Stark Fund and the Wayne Fund. The Equipment Fund would not be utilized to pay Huntington but instead would be used by the trustee to pay creditors not having pre-petition liens against any of debtor's property.

Integra promptly and vociferously objected to the proposed settlement with Huntington. The proposed manner in which Huntington's compromised claim was to be paid, Integra argued, violated the equitable principle of marshalling of assets. According to Integra, Huntington first should be paid the sum of $236,529.74 from the Equipment Fund—i.e., the entire fund—while the remaining balance of $68,572.21 should be paid from the Wayne Fund. Under this scenario, Huntington would be paid nothing from the Stark Fund, which then could be used to pay in its entirety Integra's lien against that particular fund.

An order was issued on March 13, 1994 which approved the compromise with Integra. However, a determination as to the appropriate means of paying the claims from the several funds in which Huntington had an interest was reserved for a later time.

On March 15, 1994, the trustee objected (at Motion No. 94–509M) to certain claims, including the updated claims Integra had submitted pursuant to the order of September 29, 1993.

In the objection, the trustee claimed the status of a judicial lienholder pursuant to 11 U.S.C. § 544(a)[1] with respect to the Equipment Fund.

As has been indicated, the motion to compromise Huntington's secured claim provided that junior lienholders would receive payment on their liens from the Stark Fund, the Wayne Fund, and the Tuscarawas Fund only **after** C.A.M. Co. and Huntington had been paid from these funds. To the extent that payments to C.A.M. Co. and Huntington depleted or reduced these funds, the secured status of holders of junior liens against these funds obviously would be adversely affected by this proposal.

The trustee concedes that Integra is fully secured with respect to the sum of $63,990.33 in the Eddy Fund because Integra's liens against the properties Thomas Eddy transferred to debtor are prior to other liens attaching to real property located in Stark County.

The proposed outcome is drastically different, however, with respect to Integra's interest in the Stark Fund, the Wayne Fund, and the Tuscarawas Fund. According to the trustee, Integra's claim to the Stark Fund is completely unsecured while its claims to the other two funds are partially secured and partially unsecured.

As has been indicated, the sum of $228,715.42 is available in the Stark Fund for distribution to lienholders. The trustee previously had proposed utilizing the sum of $26,616.48 from this fund to pay C.A.M. Co. in full and the remaining $202,098.94 to pay

---

1. 11 U.S.C. § 544(a) provides in relevant part that:

   (a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—

   (1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exits;

Huntington in part. Under this proposal, the Stark Fund would be exhausted and nothing would remain with which to pay Integra as the next lienholder of record. Accordingly, the trustee maintains that Integra's claim against the Stark Fund is entirely unsecured.

The sum of $109,251.12 is available in the Wayne Fund for distribution to lienholders. The trustee previously had proposed utilizing the sum of $103,003.01 from this fund in order to pay the remainder of Huntington's compromised secured claim. Under this proposal, only $6,248.11 would remain with which to pay Integra as the next record lienholder. Accordingly, the trustee has objected to Integra's status as a secured creditor with respect to the Wayne Fund for any amount in excess of $6,248.11.

The sum of $63,265.89 is available in the Tuscarawas Fund for distribution to lienholders. The trustee proposes paying Century Surety, the first lienholder against the fund, the sum of $10,628.94 as payment in full of its claim. According to the trustee, Integra as next lienholder is secured in the proceeds of the Tuscarawas Fund, only to the extent of the remaining balance of $52,636.95. The remainder of Integra's claim, the trustee asserts, is unsecured.

In its reply to the trustee's objection to its secured claims, Integra has revisited the unresolved objection it previously had raised in connection with the trustee's motion to compromise Huntington's claim. According to Integra, the method for paying Huntington from the above funds which the trustee proposed in the motion to compromise violates the equitable principle of marshalling of assets and therefore is impermissible. In addition, Integra asserts that the proceeds in the various funds should be marshalled in either of two ways. If they are so marshalled, Integra argues, its secured claims against those funds is secured either in full or at least in amounts that are significantly greater than those amounts asserted by the trustee.

According to the first proposed marshalling scheme, which Integra prefers to the second for obvious reasons, Huntington would be required to look to the Equipment Fund first and to **exhaust** it **before** looking

to the Stark Fund or the Wayne Fund for payment of the balance of its claim.

Distribution to lienholders in accordance with this proposal would be made as follows:

| FUND | PAYEE | DISTRIBUTION |
|---|---|---|
| Equipment $236,529.74 | Huntington | $236,529.74 |
| Wayne $109,251.12 | Huntington | $ 68,572.21 |
| | C.A.M. Co. | 26,616.48 |
| | Integra | 14,062.43 |
| | | $109,251.12 |
| Stark $228,715.42 | Century Surety | $ 10,628.94 |
| | Integra | 218,086.48 |
| | | $228,715.42 |
| Tuscarawas $ 63,265.89 | Integra | $ 63,265.89 |
| Eddy $ 63,990.33 | Integra | $ 63,990.33 |

Under the trustee's proposed scheme, Integra would receive distribution from the above funds of only $120,875.39. Under the first marshalling scheme proposed by Integra, it would receive distribution from the above funds in the amount of $359,405.08.

According to Integra's second proposed marshalling scheme, Huntington would be required to look to the Equipment Fund, the Stark Fund, and the Wayne Fund for payment of its secured claim on a *pro rata* basis. That is to say, Huntington would receive payment from the proceeds of each of the three funds according to the ratio of the proceeds of each available fund to the total proceeds of all three funds.

The aggregate amount of the three funds available to Huntington is $574,496.28:

| | |
|---|---|
| Equipment Fund | $236,529.74 |
| Wayne Fund | 109,251.12 |
| Stark Fund | 228,715.42 |
| | $574,496.28 |

The ratio of each fund to the total of all three funds collectively is as follows:

Equipment Fund $\frac{\$236,529.74}{\$574,496.28} =$ .4117

Wayne Fund $\frac{\$109,251.12}{\$574,496.28} =$ .1902

Stark Fund $\frac{\$228,715.42}{\$574,496.28} =$ .3981

TOTAL 1.0000

Distribution to lienholders in accordance with this alternative marshaling proposal would be made as follows:

| FUND | PAYEE | DISTRIBUTION |
|---|---|---|
| Equipment $236,529.74 | Huntington Trustee | $125,610.47* 110,919.27 |
| | | $236,529.74 |
| Wayne $109,251.12 | Huntington C.A.M. Co. Integra | $ 58,030.39** 26,616.48 24,604.25 |
| | | $109,251.12 |
| Stark $228,715.42 | Huntington Century Surety Integra | $121,461.09*** 10,628.94 96,625.39 |
| | | $228,715.42 |
| Tuscarawas $ 63,265.89 | Integra | $ 63,265.89 |
| Eddy $ 63,990.33 | Integra | $ 63,990.33 |

| | | | | | |
|---|---|---|---|---|---|
| * | ($305,101.95 | × | .4117 | = | $125,610.47) |
| ** | ($305,101.95 | × | .1902 | = | $ 58,030.39) |
| *** | ($305,101.95 | × | .3981 | = | $121,461.09) |

Under the alternative marshalling scheme proposed by Integra, it would receive distribution from the above funds in the amount of $248,485.86.

A hearing on the trustee's objection to Integra's secured claimed and on Integra's reply thereto was conducted on May 24, 1994.

## II

## ANALYSIS

■ It should be noted at the outset that the trustee has the right as a judicial lien creditor to invoke the marshalling doctrine. *See In re C & B Oil Co., Inc.,* 72 B.R. 228, 229–30 (Bankr.N.D.Ohio 1987). Neither the language of § 544(a) nor the legislative history indicates that the so-called "strong arm" rights do not apply in a marshalling context. *Id.* (*citing In re Tampa Chain Co., Inc.,* 53 B.R. 772 (Bankr.S.D.N.Y.1985)). Accordingly, the trustee is entitled to assert the status of judicial lienholder with respect to the Equipment Fund and, as such, has interests which must be taken into consideration when determining an appropriate marshalling scheme.

■ Ohio law must be taken into account in determining an appropriate marshalling scheme in this case. *See Matter of Wilson*

*Dairy Co.,* 30 B.R. 67, 71 (Bankr.S.D.Ohio 1983) (*citing In re Madeline Marie Nursing Homes,* 694 F.2d 433, 436–39 (6th Cir.1982)).

■ Marshalling is an ancient doctrine with roots in American jurisprudence since at least Justice Story's opinion in *Union Bank v. Laird,* 2 Wheaton 390, 4 L.Ed. 269 (1817). Ohio law has recognized the doctrine since at least 1849. *See Green v. Ramage,* 18 Ohio 428 (1849).

The doctrine of marshalling provides as follows:

> If one party has a lien on, or interest in two funds for a debt, and another party has a lien on, or interest in only one of the funds for another debt, the latter has a right in equity to compel the former to resort to the other fund, in the first instance, for satisfaction, if that course is necessary for the satisfaction of the claims of both parties.

*Id.*

■ The doctrine remains unchanged in Ohio to this time. A party having two funds with which to satisfy its demand shall not, at its election, disappoint another party having only one of the funds upon which to rely. The former may be prevented from exercising its right of recourse so as to satisfy its claim to the exclusion of the other. *Homan v. Michles,* 118 Ohio App. 289, 290–91, 194 N.E.2d 162, 164 (1962). There is, however, an important limitation upon the doctrine. It may be exercised only when so doing will work no injustice upon any party connected to the litigation. *Id.*

■ Integra's objection to the trustee's proposed method of paying Huntington's secured claim is well founded. Paying Huntington only from the Stark Fund and the Wayne Fund, and not at all from the Equipment Fund, would work an injustice upon Integra that falls squarely within the purview of the marshalling doctrine. Leaving the Equipment Fund untouched, when it is available to pay Huntington, would unduly prejudice Integra's interest in the other funds in which Huntington also has an interest. If, as Integra proposed, Huntington looked also to the Equipment Fund, a greater portion of

the other funds would be available for paying Integra's secured claims.

Satisfaction of Huntington's compromised secured claim unquestionably requires utilization of the Equipment Fund. What remain to be determined are the manner and extent to which it must be used.

As has been indicated, Integra has proposed two marshalling schemes for paying Huntington which utilize the Equipment Fund in different ways.

■ Integra's initial marshalling proposal is inappropriate for much the same reason as is the trustee's proposal. It would unjustly prejudice the interest of another lienholder— i.e., the trustee—in the Equipment Fund. If, as Integra proposes, Huntington were required to exhaust the Equipment Fund before looking to the Stark Fund or the Wayne Fund for payment of its secured claim, nothing would remain with which to satisfy (at least in part) the trustee's lien against the Equipment Fund. The trustee's interest in this fund, in which Integra has no interest whatsoever, would be sacrificed in order to protect Integra's interest in the Stark Fund and the Wayne Fund. Such an outcome would work an intolerable injustice upon the trustee.

Were there no other lienholders aside from Huntington with a lien against the Equipment Fund, Integra's initial marshalling proposal might be appropriate. Where several different parties hold junior liens against different properties or funds it is not appropriate.

Rejection of Integra's initial marshalling proposal does not, however, mean that some other marshalling scheme implicating the Equipment Fund would not be appropriate in this instance. It therefore remains to be determined whether Integra's alternative marshalling proposal is acceptable.

Ohio courts have applied a "modified" marshalling scheme to more complex situations where the same party has senior liens against several properties and several other parties have junior liens against some of those properties but not against others.

■ For instance, assume that A has liens against properties x and y; that B has a junior lien against x but not against y; and that C has a junior lien against y but not against x. According to Ohio law, A **cannot** be compelled by B first to exhaust the proceeds of y, in which only C has a junior interest, in order to protect B's interest in x. In order that justice shall be done to both B and C, A will be required to take payment from the proceeds of x and y according to the ratio of the proceeds derived from x and y individually to the total proceeds derived from x and y taken collectively. *Green,* 18 Ohio at 428.

■ The situation presented in this case falls squarely within the rule set forth in *Green.* We are presented with: a senior lienholder (Huntington) with respect to three funds (the Stark Fund, the Wayne Fund, and the Equipment Fund); a junior lienholder (Integra) with respect to two of three funds (the Stark Fund and the Wayne Fund); and another junior lienholder (the trustee) with respect to the third fund only (the Equipment Fund). It is not material that here we are presented with three funds and that one of the junior lienholders has a lien against two of the three funds.

This strong similarity compels the conclusion that the *pro rata* marshalling scheme set forth in *Green,* and which Integra has proposed as an alternative marshalling scheme, is applicable to the present case.

Accordingly, the trustee will be directed to make distribution to Huntington from the three funds in which Huntington has an interest according to the ratio of each individual fund to the total amount of the three funds taken collectively. Also, because this method of paying Huntington will result in greater sums being available to satisfy Integra's subordinated liens against the Stark Fund, the Wayne Fund, and the Tuscarawas Fund, the trustee's specific objections to Integra's secured claims against these funds will be overruled.

An appropriate order shall be issued.

### ORDER OF COURT

AND NOW at Pittsburgh this 13th day of June, 1994, in accordance with the accompanying Memorandum Opinion, it hereby is

**ORDERED, ADJUDGED** and **DECREED** that:

(1) the chapter 7 trustee make distribution to Huntington National Bank from the Stark Fund, the Wayne Fund, and the Equipment Fund according to the procedure set forth in the Memorandum Opinion; and

(2) the trustee's particular objection to the secured claims of Integra Bank/Pittsburgh are **OVERRULED.**