OPINION
Defendant, George Panagouleas, appeals from the judgment of the trial court which ordered specific performance of a contract for the sale of real property.
On January 21, 2000, the parties executed a promissory note whereby Plaintiff, George Apostolakos, lent Defendant Panagouleas $20,000.00. The note required Defendant Panagouleas to pay Plaintiff Apostolakos ten percent annual interest on the principal for three years, at which time the debt was due. The first interest payment was due on February 1, 2001., Defendant Panagouleas owns an apartment building in Vandalia. On October 9, 2000, Plaintiff Apostolakos drafted and Defendant Panagouleas signed a handwritten contract for sale of Panagouleas' apartment building to Plaintiff Apostolakos for a price of $167,000.00. The contract reads, in its entirety, as follows:
 "I, George Panagouleas, personally and as president CEO of Innovations, agree to sell my property located at 127 Scott Av. Vandalia, a 6 unit Apt. Building to George Apostolakos for the total sum of [$]167,000.00. A deposit of [$]20,000.00 has been paid to me.* The balance of [$]145,000.00 at closing, after all other debts and obligations (taxes etc.) have been paid by me.
"George Apostolakos George Panagouleas
"Byer [sic] Seller
On February 20, 2001, Plaintiff Apostolakos commenced an action against Defendant Panagouleas, alleging claims for breach of the contract for sale of the real property, breach of contract with respect to the promissory note, and fraud. Plaintiff Apostolakos sought specific performance of the October 9, 2000, contract of sale. The issues were submitted to the court on the stipulations of the parties.
The trial court ruled in favor of Plaintiff Apostolakos, finding that the October 9, 2000, agreement is a contract of sale that is binding on the parties, and ordered Defendant Panagouleas to specifically perform his duties under the contract within forty-five days. The court also found that the Plaintiff Apostolakos's $20,000.00 deposit, plus the $2000 annual interest owed to Plaintiff Apostolakos, should be subtracted from the sale price. Plaintiff Apostolakos therefore owed Defendant Panagouleas $145,000.00, payable at closing., Defendant Panagouleas filed timely notice of appeal. He presents one assignment of error.
 ASSIGNMENT OF ERROR "THE TRIAL COURT ERRED ON THE ISSUE OF LAW THAT THE 10-9-00 CONTRACT WAS A PURCHASE CONTRACT, NOT A SECURITY AGREEMENT."
Defendant Panagouleas argues that the October 9, 2000, instrument was not a contract for sale, but an agreement to secure the January 21, 2000, promissory note. Therefore, Defendant Panagouleas argues that the trial court erred in ordering the enforcement of the October 9, 2000, contract.
Because the underlying purpose of contract construction is to carry out the intent of the parties, contracts must be given a just and reasonable construction to effectuate that intent. E.S. Preston Assoc., Inc. v.Preston (1986), 24 Ohio St.3d 7; Skivolocki v. East Ohio Gas Co. (1974),38 Ohio St.2d 244. "The intent of the parties to a contract is presumedto reside in the language they chose to employ in the agreement." Kellyv. Medical Life Ins. Co. (1987), 31 Ohio St.3d 130, paragraph one of thesyllabus.
 In construing written agreements, the language and terms therein are tobe given their plain, common, and ordinary meaning. Aultman Hosp. Assn.v. Community Mut. Ins. Co. (1989), 46 Ohio St.3d 51, 54. The documentmust be read as a whole and construed most strongly against its author.Smith v. Eliza Jennings Home (1964), 176 Ohio St. 351. "Where a contractis plain and unambiguous . . . it does not become ambiguous by reason ofthe fact that in its operation it may work a hardship upon one of theparties." Aultman, supra, at 55., Defendant Panagouleas urges us to readthe October 9, 2000, instrument as a security agreement for two reasons.First, because the sale price is approximately $43,000 less than theappraised value of the property. Second, because the instrument containsno closing date.
 With regard to the first argument, the parties stipulated thediscrepancy between the sale price and the appraised price. However, wemay not consider evidence outside of the text of the agreement when theintent of the parties and the object of their agreement is clear andunambiguous from the face of the written instrument, as it is here. Thevalue that Defendant Panagouleas gets for the bargain he made is not thelaw's concern. The trial court found that there was adequateconsideration to support the contract, and we agree.
 Second, regarding the absence of a closing date, a contract will notfail solely because the date of performance is not specified. "The lawimplies that performance take place within a reasonable time when acontract is silent as to the time for performance." 155 N. High Ltd. v.Cincinnati Ins. Co. (1991), 75 Ohio App.3d 253, 258. The trial court did not abuse its discretion when it set a reasonable closing date of forty-five days from the filing of its order.
Finally, as against these even potential defects as a contract of sale, the October 9, 2000, writing contains all the hallmarks of a contract of sale and none of those indicative of, or even characteristic of, a security agreement.
A security agreement is a promise given by a debtor to a creditor to assure the payment or performance of his debt, by furnishing the creditor with a resource against which satisfaction may be had in case of failure of the principal obligation. A mortgage is a security agreement that conveys a legal interest in real property contingent on the payment of an underlying debt. The October 9, 2000, agreement conveys no legal interest in the subject real property from Defendant Panagouleas to Plaintiff Apostolakos. Rather, it creates an equitable right in Plaintiff Apostolakos to have the contract of sale performed, a right which he may enforce against Defendant Panagouleas's legal title. The trial court neither erred nor abused its discretion when it ordered enforcement of Defendant Panagouleas's promise to Plaintiff Apostolakos, which in law he has a duty to perform.
The assignment of error is overruled.
 Conclusion Having overruled the sole assignment of error presented, the judgmentfrom which this appeal was taken will be affirmed.
WOLFF, P.J. and YOUNG, J., concur.
* The note for [$]20,000.00 dated signed 1-20-00 by me is the deposit money."